SIMEON BUCKLAND et al. Plaintiffs, v. AVELLA CONSTRUCTION CO., INC., Defendant and Third-Party Plaintiff-Appellant; JOSEPH T. RYERSON & SON, INC., Third-Party Defendant-Respondent, and ARTHUR G. SMITH CONSTRUCTION SERVICES, Third-Party Defendant.— Appeal from an order of the Supreme Court at Special Term, entered December 20, 1974 in Broome County, which granted a motion by the third-party defendant, Joseph T. Ryerson & Son, Inc. (hereinafter Ryerson), for summary judgment dismissing the first cause of action in the third-party complaint and from the judgment entered thereon. The question is whether or not Ryerson specifically agreed to indemnify the third-party plaintiff by the following language in their contract: " (a) To be bound to the Contractor by the terms of the Agreement, General Conditions of the Contract, the Supplemntary General Conditions, the Drawings

and Specifications, and *to assume toward him all the obligations and responsibilities that he, by those documents, assumes toward the Owner*". (Emphasis added.) The particular language does not appear vague and it seems to conclusively establish that Ryerson intended only to assume whatever responsibilities the third-party plaintiff might have toward the City of Binghamton. However, if the language were to be deemed vague, then the cause of action would still fail because the language was insufficient to establish in unequivocal terms an unmistakable intention to completely indemnify the third-party plaintiff for all negligent injuries caused by the operations of Ryerson (*Margolin* v. *New York Life Ins. Co.*, 32 N Y 2d 149; cf. *Levine* v. *Shell Oil Co.*, 28 N Y 2d 205). It should be further observed that if there was an ambiguity, under the circumstances, it was a question to be resolved by the court and not by the jury. Order and judgment affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.