■ GEORGE RUHLAND et al., Plaintiffs, v JOHN W. COWPER CO., INC., Respondent, and GROVE ROOFING CO., INC., Appellant.—Order unanimously reversed, on the law, with costs, and defendant Cowper's motion for indemnification denied. Memorandum: Plaintiff sustained personal injuries as the result of a construction site accident. The City of Buffalo (City) was the owner of the site, the defendant, John W. Cowper Co., Inc. (Cowper), was the general contractor on the job and the defendant, Grove Roofing Co., Inc. (Grove), was a subcontractor. The jury found Cowper 75% negligent and Grove 25% negligent. We hold that the trial court erred in granting Cowper full contractual indemnification against Grove for Cowper's share of liability to plaintiff. Under the general contract Cowper agreed, *inter alia,* to "indemnify and save harmless [the City] * * * from any * * * damages * * * because of bodily injuries sustained by any person and from damage to or loss of property * * * arising * * * out of work performed under this contract." The subcontract between Cowper and Grove contained the following clause: "the Subcontractor [Grove] shall be bound to the General Contractor [Cowper] by each and all of the terms and conditions of said Principal Contract and other Contract Documents, and does hereby assume toward the General Contractor all of the obligations and responsibilities that the General Contractor by those documents assumes toward the Owner [the City]". An agreement expressing an "unmistakable intent" to indemnify for claims resulting from the indemnitee's own carelessness may be enforced *(Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153; *Margolin v New York Life Ins. Co.,* 32 NY2d 149; *Kurek v Port Chester Housing Auth.,* 18 NY2d 450). However, in the instant case the contractual provisions support at least two different interpretations: (1) Grove assumed toward Cowper those obligations that Cowper assumed toward the City in the main contract, i.e., Grove would make Cowper whole in the event Cowper had to indemnify the City; or (2) Grove would hold Cowper harmless for Cowper's negligence just as Cowper had agreed to hold the City harmless for its negligence. The mere existence of more than one interpretation requires a finding that indemnification was not the unmistakable intent of the parties *(Buckland v Avella Constr. Co.,* 47 AD2d 785). Grove is not required to indemnify Cowper under the circumstances here because the intention to indemnify cannot be "clearly implied from the language and purposes of the entire agreement" *(Margolin v New York Life Ins. Co., supra,* p 153). (Appeal from order of Erie Supreme Court—indemnification.) Present—Cardamone, J. P., Schnepp, Callahan, Witmer and Moule, JJ.