■ L. B. SMITH, INC., Appellant-Respondent, v BRADLEY & WILLIAMS, INC., Respondent-Appellant, et al., Defendant. — Order modified to determine the rights of the parties to be as set forth in memorandum, and, as modified, affirmed, without costs. Memorandum: Bradley & Williams, Inc. (defendant) leased a hydraulic crane from plaintiff pursuant to a lease agreement in February, 1977. In December, 1977 defendant's employee, Francis Palmeri, was injured when the leased crane tipped over. At the time of the accident, the crane was being operated by another employee of defendant. Palmeri subsequently commenced an action against plaintiff and defendant alleging negligence. The action against defendant was dismissed under the Workers' Compensation Law as Palmeri was defendant's employee. Consequently, plaintiff commenced an action seeking a declaration that defendant is required to defend and indemnify it in the underlying negligence action on the basis of its lease agreement. Both parties moved for summary judgment in the action. The agreement provided: "15. The lessee further agrees to indemnify the lessor against all loss, damage, expense and penalty arising from any action on account of any injury to person or property of any character whatsoever occasioned by the operation, handling or transportation of any of the equipment during the rental period, and while said equipment is in the possession or under the custody and control of lessee. 16. The lessee further agrees to protect the lessor on this contract with full insurance coverage, said insurance to cover damage occasioned by fire, theft, flood, explosion, accident, act of God, or any other cause, that may occur during the life of this lease and to protect the lessor for public liability insurance for coverage to the limits of the State laws in which the equipment leased is being used." Agreements exculpating a party from the consequences of its own negligence are disfavored and subject to close judicial scrutiny (*Gross v Sweet*, 49 NY2d 102; *Franzek v Calspan Corp.*, 78 AD2d 134). Unless the intention of the parties is expressed in unmistakable language, an exculpatory clause will not be deemed to insulate a party from liability for its own negligent acts (*Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153; *Ruhland v Cowper Co.*, 72 AD2d 907, affd 52 NY2d 756). The obligation to indemnify a party for its own negligence must be unequivocally and absolutely imposed upon the other party (*Franzek v Calspan Corp., supra; Grumman Amer. Aviation Corp. v International Business Machs. Corp.*, 77 AD2d 582) and any ambiguities in the clause must be resolved against the party who drafted the agreement (*Grumman Amer. Aviation Corp. v International Business Machs. Corp., supra*). The indemnity clause in the lease agreement between plaintiff and defendant does not express an unmistakable intent to defend and indemnify plaintiff for its own negligence. Although the language is broad — "on account of any injury * * * of any character whatsoever" — it is limited by the language — "and while said equipment is in the possession or under the custody and control of lessee". This clause, joined with the preceding clause by the conjunction "and", modifies the first clause and evinces an intent that both conditions be met. Therefore, the negligence must be occasioned by the "operation, handling, or transportation" of the crane while the crane is in the possession and custody of defendant. Although it is undisputed that the accident occurred while the crane was in the possession and control of defendant, that factor is not dispositive as to the scope of the

clause and whether it evinces an unmistakable intent to indemnify plaintiff for its own negligence (see *Grumman Amer. Aviation Corp. v International Business Machs. Corp., supra*). The clause at issue here limits defendant's obligation to instances wherein defendant had possession and control. This limitation can be interpreted as an attempt to limit its obligations to only those instances wherein defendant is negligent. Concededly, it is possible that plaintiff's negligence may be involved in an accident wherein the crane was in the possession and control of defendant (e.g., as alleged in this instance). However, the limitation which requires the crane to be in the possession and control of defendant negates plaintiff's assertion that the indemnity clause evinces an unmistakable intent to defend and indemnify plaintiff for its own negligence. Furthermore, any ambiguities must be construed against the plaintiff since it drafted the lease (see *Grumman Amer. Aviation Corp. v International Business Machs. Corp., supra*). This provision for indemnification is at least ambiguous as to defendant's intent to indemnify plaintiff for its own negligence and such ambiguity defeats plaintiff's argument that the intent to indemnify is unmistakable. The indemnification clause in the lease agreement must be examined from the standpoint of whether, by the language used, defendant expressed an unmistakable intent to indemnify plaintiff for plaintiff's own negligence. Such intention cannot be read into or implied from the agreement that is before us (see *Margolin v New York Life Ins. co.*, 32 NY2d 149). Accordingly, defendant is not obligated to indemnify or provide a defense for plaintiff in the underlying negligence action. Summary judgment is granted to defendant, therefore, since plaintiff's negligence is the only negligence alleged in the Palmeri action. All concur, except Simons and Schnepp, JJ., who dissent and vote to grant judgment to plaintiff, in the following memorandum.

Simons and Schnepp, JJ. (dissenting). We disagree with the majority's statement of the applicable law. The Court of Appeals has held that an indemnification agreement "negotiated at arm's length between * * * sophisticated business entities" will be construed as intending indemnification of a party for its own negligence if "the agreement between the parties connotes an 'intention to indemnify [which] can be clearly implied from the language and purposes of the entire agreement'. (*Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153.)" (*Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153, 158-159; see *Gross v Sweet*, 49 NY2d 102, 108; see, also, *Vey v Port Auth. of N. Y. & N. J.*, 54 NY2d 221, 226-227.) That rule applies to this case and warrants summary judgment directing defendant to defend plaintiff in the underlying action and indemnify it for any damages recovered. The clear language of the lease agreement in this case obligates defendant to indemnify plaintiff, notwithstanding the fact that plaintiff's own negligence may have caused the accident. The terms of the indemnification agreement are all embracing and limited only "during the rental period, and while said equipment is in the possession or under the custody and control of [defendant]." The accident which injured defendant's employee was "occasioned by the operation" of the crane and occurred "during the rental period" while the crane was "under the custody and control" of defendant; hence, defendant is obligated under the agreement to indemnify plaintiff (see *Williams v Mobil Oil Corp.*, 83 AD2d 434, 441-442). The fact that the lease agreement also provides that defendant "agrees to protect [plaintiff] on this contract with full insurance coverage" further supports this interpretation (see *Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153, 160, *supra*). The limitation of the indemnification agreement to the period while the crane is "under the custody and control" of defendant cannot be construed to limit defendant's obligation to only those

instances wherein it is negligent. (Appeals from order of Supreme Court, Erie County, Stiller, J. — summary judgment.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.