■ STEPHEN LEON, Appellant, et al., Plaintiff, v LESLIE LUKASH et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the defendants breached the applicable collective bargaining agreement between the parties by discharging the plaintiff Stephen Leon, without a hearing, and to compel his reinstatement to his position as a Deputy Medical Examiner with back pay and benefits to December 15, 1981, Stephen Leon, M.D. appeals from a judgment of the Supreme Court, Nassau County (Thompson, J.H.O.), entered October 2, 1989, which, after a nonjury trial, *inter alia,* dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Stephen Leon was hired by the Nassau County Medical Examiner's Office in February 1981 as a Deputy Medical Examiner (hereinafter DME), a position classified as noncompetitive and confidential. Leon was subsequently discharged from the position, without a hearing, in December 1981.

Leon claims that his employment was improperly terminated because he was not afforded the pre-termination hearing guaranteed by sections 10-1 and 10-2 of the 1979-1981 collective bargaining agreement between the defendant County of Nassau and the plaintiff Civil Service Employees Association (hereinafter CSEA). The County contends that an employee in Leon's confidential classification was essentially an employee-at-will. Those confidential employees were excluded from the classes of employees who were granted the pre-termination hearing rights under Civil Service Law § 75 and County Government Law of Nassau County § 1305-a, incorporated into the agreement.

Upon review of, *inter alia,* the hearing testimony and the documentary evidence, we find that it was not the parties' intent to afford confidential employees such as Leon pre-termination hearing rights *(see, Breed v Insurance Co.,* 46 NY2d 351, 355; *see also, State of New York v Home Indem. Co.,* 66 NY2d 669, 671; 22 NY Jur 2d, Contracts, § 196 *et seq.).* Moreover, ambiguity in a contract, if any, should be resolved against the drafter, here the CSEA *(see, Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342; *see also, Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 460; 22 NY Jur 2d, Contracts, § 228). For these reasons, we find that Leon was

not improperly discharged from his position and is thus not entitled to reinstatement and back pay.

We have examined Leon's remaining contention and find it to be without merit. Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.