■ THEODORE SIEVERT, Plaintiff, v MORLEF HOLDING Co., Defendant, AMOCO OIL COMPANY, Defendant and Third-Party Plaintiff-Respondent-Appellant, and GINO LUCADAMO & SONS, INC., Appellant-Respondent. JONATHAN MORI et al., Third-Party Defendants-Respondents. (And a Second Third-Party Action.) [663 NYS2d 978] —In an action to recover damages for personal injuries, the defendant Gino Lucadamo & Sons, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Ain, J.), dated January 19, 1996, as granted that branch of the motion of the defendant third-party plaintiff Amoco Oil Company which was for reargument and renewal of that branch of its prior motion which was for summary judgment on its cross claim to recover costs and attorneys' fees against Gino Lucadamo & Sons, Inc., and granted that branch of the motion. The defendant third-party plaintiff Amoco Oil Company cross-appeals, as limited by its brief, from so much of the same order as, upon reargument and renewal, adhered to so much of the prior determination in an order dated June 30, 1995, as denied that branch of its motion which was for summary judgment on its third-party complaint for indemnification against the third-party defendant Jonathan Mori d/b/a Jonathan Auto Repair, Inc., and granted the motion of Jonathan Mori d/b/a Jonathan Auto Repair, Inc., for summary judgment dismissing the third-party complaint.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which, upon reargument, granted that branch of the motion of Amoco Oil Company which was for summary judgment on its cross claim against Gino Lucadamo & Sons, Inc., for costs and attorneys' fees, and substituting therefor a provision adhering to the determination in the order dated June 30, 1996, denying that branch of the motion, and (2) adding thereto a provision that, upon searching the record, summary judgment is awarded in favor of Gino Lucadamo & Sons, Inc., and the cross claim of Amoco Oil Company asserted against it is dismissed; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff was injured on the premises of the gas station

at which he was working. He brought suit, *inter alia,* against the lessor of the property, Amoco Oil Company (hereinafter Amoco), and Gino Lucadamo & Sons, Inc. (hereinafter Lucadamo), a contractor who performed repair work on the area in which he was allegedly injured. Amoco cross-claimed against Lucadamo for indemnification based on common law principles of indemnity as well as contractual indemnification. The contractual indemnification cause of action sought recovery of Amoco's costs and attorneys' fees in defending the action. Amoco also impleaded its lessee, Jonathan Mori (hereinafter Mori), the plaintiff's employer, sued herein also as Jonathan Mori d/b/a Jonathan Auto Repair, Inc., seeking indemnification based on an agreement contained in Mori's lease.

The jury rendered a verdict in favor of the defendants and in response to a special question, determined that the plaintiff's accident did not occur in the area where Lucadamo had performed repairs.

Contrary to the trial court's determination, the indemnification agreement in the Amoco-Lucadamo contract does not require indemnification under the circumstances presented here. The indemnification provision, though broad in its terms, does not unambiguously require indemnification in the absence of a loss based on Amoco's liability in the underlying action.

It is well established that any ambiguity in a contract is to be construed against the drafter *(see, Guardian Life Ins. Co. v Schaefer,* 70 NY2d 888). Furthermore, indemnification provisions are strictly construed *(see, Hooper Assocs. v AGS Computers,* 74 NY2d 487). Here, because the agreement was drafted by Amoco, the indemnification provision, which is ambiguous, must be construed in Lucadamo's favor. Therefore, Amoco was not entitled to summary judgment on its cross claim for indemnification and Lucadamo is entitled to summary judgment dismissing that cross claim.

Similarly ambiguous is the indemnification provision in the Amoco-Mori lease upon which Amoco relies as the basis for its third-party complaint against Mori. Accordingly, it must be construed in Mori's favor and deemed inapplicable in these circumstances *(see, Guardian Life Ins. Co. v Schaeffer, supra).*

The parties' remaining contentions are without merit. Friedmann, J. P., Florio, McGinity and Luciano, JJ., concur.