■ BERNADINE PUTTER, Plaintiff, v ISAAC SUED, Appellant, and LONDON BOY SPORTSWEAR LTD. et al., Respondents. [739 NYS2d 56] —Order, Supreme Court, Bronx County (George Friedman, J.), entered August 1, 2001, which, in an action for personal injuries sustained when plaintiff fell on a stairway in defendant-respondents tenants' store, denied defendant-appellant landlord's motion for summary judgment on its cross claim against the tenants for contractual indemnification, unanimously affirmed, with costs.

Even assuming that the subject indemnification clause does not violate General Obligations Law § 5-321, its motion was properly denied on the ground that the subject indemnification clause, viewed in the context of the entire lease, does not evince an "unmistakable intent" to obligate tenants to indemnify the landlord for injuries to third persons caused by the landlord's own negligence with respect to its nondelegable duty under Building Code (Administrative Code of City of NY) §§ 27-128 and 27-375 to provide a handrail for the stairway on which plaintiff fell (*see, Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153, 158; *Ruhland v Cowper Co.*, 72 AD2d 907, *affd* 52 NY2d 756). An ambiguity in this regard is raised by lease provisions which, although obligating the tenant to make both structural and nonstructural repairs, give the landlord a right of reentry to perform repairs required by the Building Code, and which require the landlord's consent before any structural alterations are done. We are not persuaded otherwise by the fact that the indemnity clause, insofar as it applies to any and all liabilities by reason of any injury to any person "arising from or in connection with the occupancy or use of the demised premises," does not expressly refer to either party's negligence. We have considered the landlord's other arguments and find them unavailing. Concur—Saxe, J.P., Rosenberger, Ellerin, Wallach and Marlow, JJ.