■ RODOLFO MEJIA, Plaintiff, v TRUSTEES OF NET REALTY HOLDING TRUST et al., Defendants, and KIMCO REALTY SERVICES, INC., Sued Herein as KIMCO REALTY CORP., Defendant and Third-Party Plaintiff-Respondent. PLASTER MASTER, Third-Party Defendant-Appellant. [759 NYS2d 91] —In an action to recover damages for personal injuries, the third-party defendant appeals from an order and judgment (one paper) of the Supreme Court, Queens County (O'Donoghue, J.), dated December 4, 2001, which, upon, inter alia, a decision after trial of the same court (Posner, J.), dated October 24, 2001, among other things, denied its motion pursuant to CPLR 4401 for judgment as a matter of law on the cause of action for contractual indemnification asserted in the third-party complaint, and adjudged that it is contractually obligated to indemnify the defendant third-party plaintiff, Kimco Realty Services, Inc., individually sued herein as Kimco Realty Corp.·

Ordered that the order and judgment is reversed, on the law, with costs, the motion is granted, and the cause of action for contractual indemnification asserted in the third-party complaint is dismissed.

On May 18, 1998, the plaintiff, an employee of the third-party defendant, Plaster Master, fell from scaffolding provided by Plaster Master at a construction site. The plaintiff sued, among others, Kimco Realty Services, Inc., individually sued herein as Kimco Realty Corp. (hereinafter Kimco) as general contractor. Kimco brought a third-party action against Plaster Master, asserting two causes of action, one for contractual indemnification and one for common-law indemnification. The cause of action for common-law indemnification was dismissed by order dated January 4, 2001, as barred by Workers' Compensation Law § 11 on the ground that the plaintiff's injuries were not grave (see *Ibarra v Equipment Control,* 268

AD2d 13 [2000]). That order further determined that, with respect to contractual indemnification, the contract between Kimco and Plaster Master "demonstrates plain ambiguity inasmuch as Kimco is identified in the preamble as the 'contractor,' and the agreement appears to place the indemnification burden upon the contractor."

The contract between Kimco and Plaster Master was drafted by Kimco. The first page of the contract identifies Kimco as the "contractor" and Plaster Master as the "[s]ub-contractor." The architect and/or "Owner's representative" was Joseph W. Hogan, an employee of Kimco, with offices at 3333 New Hyde Park Road, New Hyde Park, which is Kimco's address. The indemnification provision states that "[t]his Contractor" agrees to indemnify the owner, architects, and their agents for personal injuries allegedly arising out of "work performed under this Contract, whether by this contractor or by any subcontractor." The "Contractor" was also required to procure insurance and file the certificate of insurance "with this Owner at 3333 New Hyde Park Road, Suite 100, New Hyde Park."

At a posttrial hearing, Hogan testified that he signed the contract between Kimco and Plaster Master on behalf of Kimco. He claimed that he had entered into four or five prior contracts with Plaster Master which were similar to the instant contract, but did not produce the contracts in court nor testify as to the parties' custom and practice.

William Scannell, the owner of Plaster Master, testified that he signed the contract on behalf of Plaster Master, without benefit of legal counsel. Scannell noted that the first page of the contract identified Kimco as the "contractor" and Plaster Master as the "[s]ub-contractor," and the indemnification clause required the "contractor" to indemnify the owner and its agents for work done by "this contractor or by any subcontractor." He claimed that when he read the indemnification provision, he assumed the words "contractor" referred to Kimco and Kimco's obligation to indemnify the owner, and the word "sub-contractor" referred to Plaster Master. However, he acknowledged that the term "contractor" was used elsewhere in the contract to refer to Plaster Master.

The Supreme Court determined that Plaster Master had agreed to indemnify Kimco.

Indemnification provisions of a contract must be strictly construed and any ambiguity construed against the drafter (see *Hooper Assoc. v AGS Computers,* 74 NY2d 487, 491 [1989]; *Sievert v Morlef Holding Co.,* 241 AD2d 445 [1997]; *Custom Weld Indus. v Chabina Co.,* 272 AD2d 364 [2000]). Where a contract

is ambiguous, " 'parol evidence of additional promises' " is admissible to complete the entire agreement (*Laskey v Rubel Corp.*, 303 NY 69, 72 [1951], quoting 3 Williston on Contracts § 636, at 1830-1832 [rev ed 1936]). Parol evidence of the custom and practice of the parties may also be admitted (*see Lopez v Consolidated Edison Co. of N.Y.*, 40 NY2d 605 [1976]). In this case, no evidence of any oral negotiations or additional promises was admitted at the posttrial hearing. Nor was there any evidence of a custom and practice. Although Hogan testified that Kimco and Plaster Master had entered into similar contracts, those contracts were not produced in court, nor was there any evidence that Plaster Master had been asked to indemnify Kimco on any prior occasions.

The evidence presented at the posttrial hearing indicated that there was no meeting of the minds with respect to the meaning of the indemnification provision. Kimco interpreted it as requiring Plaster Master, as contractor, to indemnify Kimco as the owner's agent, while Plaster Master, interpreted that provision as requiring Kimco, as contractor, to indemnify the owner. Since Kimco provided the contract and no parol evidence explained the ambiguity, the ambiguity must be resolved against Kimco, and Kimco's third-party claim against Plaster Master for contractual indemnification must be dismissed.

In view of our determination, the appellant's remaining contentions need not be addressed. S. Miller, J.P., Goldstein, Adams and Rivera, JJ., concur.