■ Stern's Department Stores, Inc., Plaintiff, v Little Neck Dental, Doing Business as World Preferred Dental Care, Respondent, et al., Defendants, and Marx Realty & Improvement et al., Appellants. [783 NYS2d 645]—

In an action to recover damages for injury to property, the defendants Marx Realty & Improvement and Yale University appeal from an order of the Supreme Court, Queens County (McDonald, J.), dated January 21, 2003, which denied their motion for summary judgment on their cross claim against the defendant Little Neck Dental, doing business as World Preferred Dental Care, for contractual indemnification. The appeal brings up for review so much of an order of the same court, dated May 21, 2003, as, upon reargument, adhered to the original determination (*see* CPLR 5517 [b]).

Ordered that the appeal from the order dated January 21, 2003, is dismissed, as that order was superseded by the order dated May 21, 2003, made upon reargument; and it is further,

Ordered that the order dated May 21, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appellant Yale University is the owner of the Douglaston Plaza Shopping Center located in Douglaston, Queens, and the appellant Marx Realty & Improvement is the managing agent. The plaintiff, a tenant of the shopping center, commenced this action against, among others, the appellants, the respondent, Little Neck Dental, doing business as World Preferred Dental Care (hereinafter the LND), and the defendants Arnold Fischler and Rajesh Kamdar (hereinafter the individual defendants) to recover for property damage it sustained when a water pipe concealed in the bathroom wall of the leased premises burst. A jury returned a verdict awarding the plaintiff damages in the amount of $238,462, apportioning 40% of the fault to the appellants and 60% to LND and the individual defendants. The Supreme Court denied the appellants' postverdict motion for summary judgment on its cross claim for contractual indemnification.

The appellants failed to make a prima facie showing of entitlement to judgment as a matter of law that the subject lease reflected the parties' "unmistakable intent" that LND indemnify the landlord for damages sustained by third parties as a result of the landlord's own negligence (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153 [1977]; Moore v First Indus., 296 AD2d 537 [2002]; Putter v Sued, 292 AD2d 222 [2002]). In particular, the lease in this case provided, inter alia, that the tenant would "not be liable for claims occasioned by the negligent acts or omissions of Landlord, its agents, contractors, employees or invitees."

In contrast, in Hogeland v Sibley, Lindsay & Curr Co. (supra), the Court of Appeals found that a commercial landlord was entitled to indemnification from a tenant as a result of a third-party personal injury claim. In that case, the injured party tripped and fell near the entrance to the tenant's premises. However, in that case, unlike here, the parties' lease unequivocally provided, inter alia, that the tenant would "indemnify and save harmless the Landlord from and against all claims of whatever nature . . . [arising] from any accident . . . whatsoever caused to any person . . . in or about the Tenant's demised premises." Further, the lease in Hogeland provided that the

landlord would not be responsible for any portion of loss or damage caused the tenant wholly or in part by the landlord's negligence where such loss or damage was "recovered or recoverable" by the tenant from insurance covering such loss or damage. No such provision appears in the lease in the instant case.

In sum, the Supreme Court properly denied the appellants' motion for summary judgment.

The appellants' remaining contentions are without merit. H. Miller, J.P., Goldstein, Spolzino and Skelos, JJ., concur.