Travis M. Frost, Respondent, v Budget Car & Truck Rental, Appellant, et al., Defendant. [788 NYS2d 904]—

Appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered October 21, 2003. The order, among other things, denied the motion of defendant Budget Car & Truck Rental to dismiss the complaint against it and granted plaintiff's motion to dismiss its sixth affirmative defense.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when the vehicle that he was driving was struck from the rear by a vehicle owned by Budget Car & Truck Rental (defendant). Plaintiff sought medical treat-

ment for neck pain on the day following the accident and his neck pain went away. Approximately six weeks after the accident, and approximately four months prior to the diagnosis of two herniated discs in his lower spine, plaintiff signed a general release in consideration of the amount of $1,000. The fourth paragraph of the release states that "I/we further agree that this release shall not be pleaded by me/us as a bar to any claim or suit."

Supreme Court properly granted plaintiff's cross motion to dismiss defendant's sixth affirmative defense, which was based upon the release. Where "the language of a release is clear and unambiguous, the signing of a release is a 'jural act' binding on the parties" (*Booth v 3669 Delaware*, 92 NY2d 934, 935 [1998]). Whether an agreement is ambiguous is a question of law for the courts (*see Kass v Kass*, 91 NY2d 554, 566 [1998]). The term "I/ we" is not defined in the subject release, which defendant's insurance company drafted. Contrary to defendant's contention that "I/we" refers only to plaintiff, as the releasor, the court properly concluded that the language of that paragraph renders the release ambiguous because it could also be interpreted to restrict defendant from pleading the release. It is well settled that any ambiguity should be resolved against the drafter of the release (*see L.B. Smith, Inc. v Bradley & Williams*, 88 AD2d 782 [1982], *mod* 58 NY2d 672 [1982]).

The court therefore properly denied the motion of defendant to dismiss plaintiff's complaint against it based upon plaintiff's execution of the release. Present—Pigott, Jr., P.J., Pine, Kehoe, Gorski and Martoche, JJ.