ZANOOR KHAN, Plaintiff, v FULTON STREET REALTY VENTURE, Also Known as FULTON STREET REALTY VENTURE, LLC, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. NYEC, INC., Formerly Known as THE WIZ, INC., et al., Third-Party Defendants-Respondents. (And a Fourth-Party Action.) [795 NYS2d 337]—

Motion by the defendant third-party plaintiff-appellant, inter alia, for leave to reargue an appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated May 20, 2003, which

was determined by decision and order of this Court dated November 8, 2004 (12 AD3d 415).

Upon the papers filed in support of the motion and no papers having been filed in opposition or relation thereto, it is

Ordered that the branch of the motion which is for leave to reargue is granted and the motion is otherwise denied; and it is further,

Ordered that upon reargument, the decision and order of this Court dated November 8, 2004 (see *Khan v Fulton St. Realty Venture*, 12 AD3d 415 [2004]) is recalled and vacated and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, the defendant and third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated May 20, 2003, as denied its motion for summary judgment on its cross claims for common-law and contractual indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured when he fell from a ladder while performing renovation work at premises owned by the appellant and leased by The Wiz of Fulton Street, Inc. (hereinafter the Wiz). At his deposition, the plaintiff testified that at the time of accident, he was employed by the fourth-party defendant, Construction Force Services, LLC. Approximately two weeks before the subject accident, his employer sent him to the Wiz to perform certain carpentry and construction work. An employee of the Wiz directed him to perform the specific task which resulted in the accident.

After the plaintiff commenced the main action against, among others, the appellant, the appellant commenced a third-party action against, among others, NYEC, Inc., formerly known as The Wiz, Inc., and subsequently moved for summary judgment on its cross claims for common-law and contractual indemnification against them.

The Supreme Court properly denied the appellant's motion for summary judgment. Workers' Compensation Law § 11 provides in pertinent part that "[a]n employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee sustained a 'grave injury.' " The appellant established a prima facie case for summary judgment, as

it was undisputed that the plaintiff did not sustain a "grave injury." In opposition, the plaintiff's deposition testimony raised a triable issue of fact (*see* CPLR 3212 [b]) as to whether there was a special employment relationship between him and the Wiz (*see Cameli v Pace Univ.*, 131 AD2d 419 [1987]), thereby barring the claim for common-law indemnification.

With regard to the claim for contractual indemnification, the appellant failed to present evidence showing that the lease required indemnification under the circumstances presented here (*see Sievert v Morlef Holding Co.*, 241 AD2d 445 [1997]). Florio, J.P., Cozier, Krausman and Rivera, JJ., concur.