NEW ROCHELLE POLICE SUPERIOR OFFICERS ASSOCIATION, INC., Appellant, v CITY OF NEW ROCHELLE et al., Respondents. [823 NYS2d 104]—

In an action, inter alia, for a judgment declaring that, pursuant to the terms of a collective bargaining agreement executed by the parties, all of the members of the plaintiff New Rochelle Police Superior Officers Association, Inc., are entitled to the benefit of Retirement and Social Security Law § 302 (9) (d), the plaintiff appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered April 7, 2004, which, after a hearing, in effect, denied its renewed motion for summary judgment and granted the defendants' renewed cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that, pursuant to the terms of a collective bargaining agreement executed by the parties, only the Tier I members of the plaintiff New Rochelle Police Superior Officers Association, Inc., are entitled to the benefit of Retirement and Social Security Law § 302 (9) (d).

The plaintiff is the exclusive bargaining unit for police sergeants, police lieutenants, and police captains employed by the City of New Rochelle. The instant dispute involves the interpretation of a provision contained in article VIII, section 2 of a collective bargaining agreement executed by the parties for the period of January 1, 2001 through December 31, 2003 (hereinafter the subject CBA). Article VIII, section 2 of the subject CBA provides, in pertinent part, that the "employer agrees that it will continue to provide to each employee in the bargaining unit the benefit of Section 302, subdivision 9, paragraph (d) of the Retirement and Social Security Law." Pursuant to Retirement and Social Security Law § 302 (9) (d), "retirement benefits for Tier I police and fire employees could be based on an employee's average monthly salary for the 12 months immediately preceding retirement. Tier I employees were statutorily defined as 'employees of a participating employer who were such employees on or before June thirtieth, nineteen hundred seventy-three' " (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 276-277 [2002]). Since the 1970's every collective bargaining agreement between the parties contained a provision identical to article VIII, section 2 of the subject CBA.

Prior to the time the subject CBA was negotiated, Retirement and Social Security Law § 443 (f) was enacted. This provision provides, in pertinent part, that "a participating employer may elect, pursuant to the provisions of paragraph d of subdivision nine of section three hundred two of this chapter, to have the provisions of such paragraph apply" to non Tier I employees.

It is undisputed that the plaintiff did not negotiate with the defendants, or even request to negotiate, that the benefits of Retirement and Social Security Law § 302 (9) (d) be provided to its Tier II members pursuant to Retirement and Social Security Law § 443 (f). Rather, the plaintiff contends that such negotiations were unnecessary because the plain meaning of article VIII, section 2 of subject CBA already provided its Tier II members with this benefit. We reject this contention.

"[W]hen interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Master-Built Constr. Co., Inc. v Thorne*, 22 AD3d 535 [2005], quoting *Joseph v Creek & Pines*, 217 AD2d 534, 535 [1995]; *see R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 32-33 [2002]; *County of Westchester v Mahoney*, 56 NY2d 756, 758 [1982]). A reading of article VIII, section 2 of the

subject CBA demonstrates the parties' plain and unambiguous intent to provide the benefits of Retirement and Social Security Law § 302 (9) (d) to Tier I employees. Absent any language referencing either Retirement and Social Security Law § 443 (f) or the sections application to Tier II employees, it would be inappropriate to interpret this provision to provide a benefit not negotiated by the parties (*see Matter of City of Cohoes [Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO], 94 NY2d 686, 694-695 [2000]; Matter of Board of Educ. of N. Babylon Union Free School Dist. v North Babylon Teachers' Org.,* 104 AD2d 594, 597-598 [1984]).

Moreover, even if we were to find the subject provision to be ambiguous, the extrinsic evidence provided by the parties supported the Supreme Court's conclusion that the parties did not intend for article VIII, section 2 of the subject CBA to provide the plaintiff's Tier II members with the benefits of Retirement and Social Security Law § 302 (9) (d) (*see Mejia v Trustees of Net Realty Holding Trust,* 304 AD2d 627, 628-629 [2003]; *Leon v Lukash,* 178 AD2d 583 [1991]).

The plaintiff's remaining contentions are without merit.

Since this is, inter alia, a declaratory judgment action, the Supreme Court should have directed the entry of a judgment making the appropriate declaration in favor of the defendants (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Crane, J.P., Goldstein, Luciano and Covello, JJ., concur.