■ Town of Patterson, Plaintiff, v Kenneth Hauser et al., Defendants and Third-Party Plaintiffs-Respondents. Reilly Construction, Inc., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [822 NYS2d 609]—

In an action, inter alia, to restrain the defendants from diverting surface water onto a town road, and a related third-party action to recover damages for breach of contract, the third-party defendant appeals from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated May 17,

2005, as denied that branch of its motion which was pursuant to CPLR 3211 (a) to dismiss so much of the first cause of action of the third-party complaint as alleged that it "breached its contract with HAUSER in failing or neglecting to build, construct and provide to HAUSER a residence which was free from accumulation of ground and surface waters and which provided a means by which HAUSER could legally pump from his basement and its general locations such accumulating waters."

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court that, under the circumstances of this case, the release prepared by the appellant is ambiguous. The ambiguities contained therein cannot be resolved in the appellant's favor as a matter of law (*see Frost v Budget Car & Truck Rental*, 15 AD3d 963 [2005]; *Mejia v Trustees of Net Realty Holding Trust*, 304 AD2d 627 [2003]). Accordingly, the Supreme Court properly denied the subject branch of the appellant's motion. Miller, J.P., Goldstein, Mastro and Dillon, JJ., concur.