Order, Supreme Court, Bronx County (Mary Ann BriganttiHughes, J.), entered March 12, 2012, which granted third-party defendant DTG Operations, Inc.’s, formerly known as Dollar Rent A Car, Inc. (Dollar), motion for summary judgment dismissing the third-party complaint against it, unanimously affirmed, without costs.
Dollar, a commercial renter of automobiles, entered a storage agreement with defendants/third-party plaintiffs (collectively, Owners) to utilize space in the Owners’ garage facility to store its vehicles and maintain an office. Dollar’s employee, the plaintiff herein, was injured when he took an elevator to retrieve a rental car, and the elevator door allegedly came out of its track and struck the plaintiff
It is uncontested that the Owners had a nondelegable duty to maintain the premises, including its elevators, in a safe condition (see Multiple Dwelling Law § 78; Mas v Two Bridges Assoc., 75 NY2d 680 [1990]; Ortiz v Fifth Ave. Bldg. Assoc., 251 AD2d 200 [1st Dept 1998]). The evidence also showed that the Owners and their elevator repair contractor maintained exclusive control over the two elevators on the premises. The plaintiffs injury was caused by an alleged defective elevator, and no argument was raised that “the operation of’ Dollar’s business had contributed in any way to the legal “cause” of plaintiffs injury.
The indemnification provision in the parties’ storage agreement required the Owners to defend and indemnify Dollar with regard to any liability that arose out of the operation of the Owners’ business on the premises, or from “any act or omission by [the Owners], its employees, agents and invitees” (see generally Stern’s Dept. Stores, Inc. v Little Neck Dental, 11 AD3d 674 [2d Dept 2004]). Here, the Owners’ failure to keep in good repair an elevator, over which it had exclusive control and which it had a nondelegable duty to maintain in a safe condition, evidently contributed to the plaintiffs accident. The facts underlying the cause of plaintiff’s injury, viewed together with the storage *546 agreement’s indemnification language, expose the Owners to liability. Further, contrary to the Owners’ contention, the parties’ indemnification provision did not “unmistakably” provide that the parties agreed to allocate all liability for any injury occurring on the premises to Dollar, even if only remotely connected to Dollar’s use of the premises, and notwithstanding the absence of evidence that Dollar contributed to the cause of the liability (see generally Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490 [2004]; Putter v Sued, 292 AD2d 222 [1st Dept 2002]; Cordeiro v TS Midtown Holdings, LLC, 87 AD3d 904 [1st Dept 2011]). There is no language in the indemnification provision which clearly implied that the parties intended that Dollar indemnify the Owners for their own negligence. Based on the indemnification language, the facts established and the purposes of the storage agreement, there is no basis to infer that the parties had intended that Dollar remain liable to the Owners for full indemnification under any circumstances (see generally Drzewinski v Atlantic Scaffold & Ladder Co., 70 NY2d 774, 777 [1987]; Torres v Morse Diesel Intl., Inc., 14 AD3d 401, 403 [1st Dept 2005]).
We note that the storage agreement required both parties to maintain a $5 million general liability policy and to name one another as additional insureds on their respective policies (see generally Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412 [2006]; Port Parties, Ltd. v Merchandise Mart Props., Inc., 102 AD3d 539 [1st Dept 2013]). While the allocation of liability as to third persons (as between contracting parties) is premised upon the promisor’s procurement of insurance to meet such obligation (see id.), here, the Owners would be covered under their own general liability policy.
It is clear from the indemnification and insurance provisions in the storage agreement that the parties did not intend to allocate all loss to Dollar for plaintiffs injury. Concur—Andrias, J.P., Saxe, DeGrasse, Abdus-Salaam and Feinman, JJ.