■ JUAN ORTEGA, Plaintiff, v GOLDMAN SACHS HEADQUARTERS LLC et al., Defendants. ARAMARK CORPORATION, Third-Party Plaintiff-Appellant, v SPOONBREAD, INC., Third-Party Defendant-Respondent. (And Another Action.) [55 NYS3d 13]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered May 3, 2016, which, to the extent appealed from, denied defendant/third-party plaintiff Aramark's motion for partial summary judgment on its contractual indemnification claim against third-party defendant Spoonbread, Inc., and granted Spoonbread's motion for summary judgment dismissing Aramark's claims against it, unanimously modified, on the law, to deny Spoonbread's motion seeking dismissal of the claim for breach of contract, and otherwise affirmed, without costs.

The plaintiff in the main action, Juan Ortega, a chef employed by Spoonbread, alleges he was injured when he slipped on a wet floor while working in the corporate kitchen of defendant Goldman Sachs. Goldman Sachs contracted with defendant Aramark to provide food services in its kitchen, and Aramark retained Spoonbread as a guest caterer for one week. During that week, Juan Ortega was injured and sued Goldman Sachs and Aramark. The contract between Aramark and Spoonbread required Spoonbread to indemnify Aramark against any claims "arising in any way out of any act or omission" of Spoonbread. The contractual language does not "evince[ ] an 'unmistakable intent' to indemnify" Aramark for its own negligence (*Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 417 [2006]; *see also Martinez v Benau*, 103 AD3d 545, 546 [1st Dept 2013]).

The "surrounding facts and circumstances" of the parties' relationship (*Great N.*, 7 NY3d at 417 [internal quotation marks omitted]) further support Spoonbread's interpretation of the provision and dismissal of Aramark's indemnification claim as a matter of law. Spoonbread demonstrated that it had only three to five employees working on food preparation in the kitchen during the one week engagement, and they were not responsible for the wet condition of the floor. It also demonstrated that Aramark, which had some 200 employees on site, was responsible for the kitchen's general maintenance and equipment, including the dishwashing area. In opposition, Aramark did not assert that Spoonbread's conduct was in any way negligent or a proximate cause of the accident, and its factual arguments raised for the first time on appeal are not properly before the court (*see Ervin v Consolidated Edison of N.Y.*, 93 AD3d 485 [1st Dept 2012]).

Spoonbread, however, did not meet its burden of demonstrating entitlement to summary judgment as to Aramark's breach of contract claim, which alleged that Spoonbread did not procure insurance naming Aramark as an additional insured. Since the documents submitted by Spoonbread did not demon-

strate that it fulfilled its obligation, summary judgment dismissing that claim was unwarranted (*see Rodriguez v Heritage Hills Socy., Ltd.*, 141 AD3d 482 [1st Dept 2016]). Concur— Sweeny, J.P., Richter, Andrias, Feinman and Kahn, JJ.