■ MATTHEW S. MEHILENTZE, an Infant, by His Father and Natural Guardian, RONALD MEHILENTZE, et al., Respondents, v SEA INSURANCE COMPANY, LIMITED, Appellant.—In a declaratory judgment action, the appeal is from a judgment of the Supreme Court, Nassau County, dated March 26, 1979, which declared that plaintiffs were entitled to excess coverage under certain policy of insurance issued by defendant. Judgment affirmed, with costs. The trial court was justified in finding as a matter of law that the written communications sent to defendant insurance carrier were sufficient to constitute a notice of claim under section 167 (subd 1, par [c]) of the Insurance Law. Defendant's failure to disclaim or deny coverage for a period in excess of one year after receiving notice was unreasonable, thus obligating it to provide excess coverage under the policy in question (see Insurance Law, § 167, subd 8; *Allstate Ins. Co. v Gross,* 27 NY2d 263). Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.

■ DEBORAH C. MONAHAN, an Infant, by Her Father and Natural Guardian, VINCENT MONAHAN, et al., Appellants, v FABIAN FIORE, Defendant, and EDWARD KLOSOWSKI et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Queens County, entered February 6, 1980, which denied their motion to restore this action to the Trial Calendar as against defendants Klosowski. Order affirmed, with $50 costs and disbursements. The instant action was dismissed in 1976 pursuant to CPLR 3404. In 1978 plaintiffs successfully moved to vacate the dismissal and restore the action to the Trial Calendar. On an appeal from that order by defendant Fiore, this court reversed and denied plaintiffs' motion *(Monahan v Fiore,* 71 AD2d 914). An appeal from the same order by codefendants Klosowski was dismissed as untimely. The issue presented on the subject appeal by plaintiffs is whether our prior reversal inured to the benefit of codefendants Klosowski as well. Trial Term held, in effect, that it did, refusing to restore the action to the calendar as against said codefendants. We affirm. Although the appeal of the Klosowskis from the prior restoral order was dismissed, substantial justice clearly requires that our reversal of said order and denial of plaintiffs' motion inure, as well, to the benefit of these "nonappealing" codefendants. Only in this way can defendant Fiore, the successful party on the prior appeal, be accorded complete relief without, at the same time, nullifying the rights of his codefendants to contribution from him via impleader (see CPLR 5522; cf. *Statella v Chuckrow Constr. Co.,* 28 AD2d 669; *Rome Cable Corp. v Tanney,* 21 AD2d 342; 5 Am Jur 2d, Appeal and Error, § 949; 4 NY Jur 2d, Appellate Review, § 488). Mangano, J. P., Gibbons, Rabin and Gulotta, JJ., concur.