■ In the Matter of METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY, Respondent, v JOYCE TORCIVIA, Appellant. — In a proceeding to permanently stay arbitration, the appeals are from two judgments of the Supreme Court, Suffolk County (McInerney, J.), one entered September 23, 1981 and the other entered October 1, 1981, which, *inter alia,* granted the application. Judgments reversed, on the law, with one bill of costs, petition denied and the parties are directed to proceed to arbitration. The contractual requirement of notice contained in the insurance policy was satisfactorily met by appellant's written communications with petitioner detailing the claim (see *Mehilentze v Sea Ins. Co.,* 76 AD2d 884). There is no statutory requirement that a specific "notice of claim" form be used (Insurance Law, § 167, subd 1, par [c]; cf. § 608), nor was there a contractual requirement that a specific form be used. Appellant's assertion that the other motorist was uninsured, combined with the details of the policy and the accident, provided sufficient notice that a claim was being made (*Mehilentze v Sea Ins. Co., supra*). Petitioner's choice to pursue a theory that the other driver was insured does not negate appellant's contrary assertion, and petitioner's investigation of the same certainly indicates that, generically at least, it had notice of her claim. Where a party who draws a contract wishes specific forms or documentation to be submitted as a condition precedent to his performance, he should explicitly make such a

requirement in the contract, and upon his failure to do so, any ambiguities in the contract will be construed against him as the drawer of that document (Restatement, Contracts 2d, § 206). O'Connor, J. P., Bracken, Niehoff and Boyers, JJ., concur.