■ RAPID-AMERICAN CORPORATION, Respondent, v OLYMPIC TOWER ASSOCIATES, Appellant.—Order of the Supreme Court, New York County (Leonard N. Cohen, J.), entered on January 26, 1989, which, *inter alia,* deemed plaintiff's motion for declaratory and injunctive relief as a motion for partial summary judgment, granted plaintiff's motion to the extent of directing defendant to furnish plaintiff access to all financial books and records used in the preparation of the 1987 operating expense escalation, denied defendant's cross motion to dismiss the complaint and denied defendant's cross motion to stay the action pending arbitration, is unanimously affirmed, with costs and disbursements.

We affirm for the reasons stated at the Supreme Court by Honorable Leonard Cohen. Moreover, it should be noted that contrary to the contention of defendant landlord, the subject lease does not mandate that plaintiff commence an arbitration proceeding as a condition precedent to being given access to defendant's books and records for the purpose of verifying operating expenses. Indeed, a reasonable interpretation of the agreement herein requires that the landlord make available to the tenant the books and records upon which it bases its demand for increases in the rent payments so that the latter can appropriately ascertain the necessity for, and appropriateness of, such increases prior to instituting an arbitration

proceeding. However, even assuming the existence of any ambiguity in the meaning of the relevant lease provisions, the failure to explicitly set forth a precondition in a contract must be construed against the drawer of the instrument *(Matter of Metropolitan Prop. & Liab. Ins. Co. v Torcivia,* 90 AD2d 811). The court, additionally, possessed the authority to grant partial summary judgment herein on a motion to dismiss pursuant to CPLR 3211 since the instant action involves no questions of fact but only legal issues fully briefed and argued by both parties *(Four Seasons Hotels v Vinnik,* 127 AD2d 310, 320). Finally, plaintiff clearly demonstrated all of the prerequisites of injunctive relief—that is, a likelihood of success on the merits, irreparable injury and a balance of the equities in its favor *(Paine & Chriscott v Blair House Assocs.,* 70 AD2d 571). Concur—Sullivan, J. P., Ross, Carro, Milonas and Ellerin, JJ.