■ BT COMMERCIAL CORPORATION, Appellant, v BENTLEY J. BLUM et al., Respondents.—That portion of the order of the Supreme Court, New York County (Diane A. Lebedeff, J.), entered on October 24, 1990, which denied plaintiff's motion pursuant to CPLR 3211 to dismiss defendants' fifth and sixth affirmative defenses, is unanimously affirmed, with costs and disbursements.

In April of 1988, Federal Resources Corporation procured the stock of Kenyon Home Furnishings, Ltd., which thereby became a wholly owned subsidiary. Defendants herein are the principal shareholders and directors of Federal. At the time of its acquisition, Federal requested plaintiff BT Commercial Corporation to make funds available to finance Kenyon's operation and expansion. However, in order to induce plaintiff to enter into an agreement with Federal, defendants executed the guaranties that are the subject of the instant dispute. One guaranty was signed by both defendants, the other by defendant Bentley J. Blum alone. These documents recited that they were made in consideration for plaintiff's contractual arrangement with Kenyon. Thereafter, Kenyon was placed in liquidation proceedings in accordance with Chapter 7 of the Federal bankruptcy laws as the result, plaintiff claims, of the disclosure of a massive fraud at the company. Plaintiff further alleges that Kenyon's outstanding liability to BT Commercial Corporation alone was approximately $35 million. Consequently, plaintiff commenced an action against Kenyon's management and a separate lawsuit in connection with defendants' guaranties.

At issue in this appeal is the denial by the Supreme Court of plaintiff's motion pursuant to CPLR 3211 to dismiss defendants' fifth and sixth affirmative defenses premised upon the purported negligence of BT Commercial Corporation. In that regard, it is plaintiff's contention that the plain language of the guaranties in question mandates dismissal of these two affirmative defenses, specifically citing the following provisions:

1. the instruments are "governed and construed in accordance with the law of the State of New York."

2. Defendant(s) "unconditionally" and "irrevocably" guarantee payment of Kenyon's debts to BT Commercial Corporation to the extent set forth in each guaranty.

3. "No invalidity, irregularity or unenforceability of all or any part of the liabilities hereby guaranteed or of any security therefor shall affect, impair or be a defense to this guaranty".

4. "The undersigned * * * in the event of any litigation between the parties hereto in respect of any matter arising under this guaranty * * * agrees that * * * the undersigned will not interpose any counterclaims or setoff of any nature."

Moreover, plaintiff relies upon the decision by the Court of Appeals in *Citibank v Plapinger* (66 NY2d 90) for the proposition that defendants are precluded from asserting negligence as an affirmative defense to unconditional and irrevocable guaranties. Yet, it is significant that plaintiff's motion is for dismissal under CPLR 3211 and not one for summary judgment pursuant to CPLR 3212. Since the two guaranties expressly prohibit defendants from advancing any counterclaim or setoff, but omit mention of a defense, it is unclear whether the instruments were also intended to bar them from interposing any defense as well. It is established that an ambiguity in a contract must be construed against the party who drafted it *(Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454; *Guardian Life Ins. Co. v Schaefer,* 70 NY2d 888; *Jacobson v Sassower,* 66 NY2d 991; *Rapid-American Corp. v Olympic Tower Assocs.,* 157 AD2d 589; *Barclay Knitwear Co. v King's-wear Enters.,* 141 AD2d 241, *lv denied* 74 NY2d 605). In addition, defendants characterize the guaranties as being considerably more limited than the sort evidently depicted by plaintiff. Thus, at least for pleading purposes, they are entitled to interpose the fifth and sixth affirmative defenses.

The unpublished decision and order of this Court entered herein on June 4, 1991 is hereby recalled and vacated. Concur —Murphy, P. J., Milonas, Rosenberger and Rubin, JJ.