■ HIGHLAND MECHANICAL INDUSTRIES, INC., Also Known as HIGHLAND METAL INDUSTRIES, INC., Respondent, v HERBERT CONSTRUCTION Co., INC., Appellant. [628 NYS2d 655] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered June 6, 1994, to the extent that it denied the motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (5), unanimously affirmed, with costs.

Article XX of the contract between defendant contractor and plaintiff subcontractor provides, in part, that "[i]n no event shall Subcontractor be entitled to receive any form of payment

prior to the Contractor's actual receipt of that payment. Subcontractor waives all right of action until said monies are received by the Contractor." Since any ambiguity in a contract must be construed against the party who drafted it (*BT Commercial Corp. v Blum*, 175 AD2d 43, 44), which, in this instance, was defendant, the only reasonable interpretation of this clause is that it is implicit that the contractual limitation period only begins to run upon notification of payment by the contractor to its subcontractor. Certainly, "a defendant may be estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" (*Simcuski v Saeli*, 44 NY2d 442, 448-449).

Plaintiff's president has submitted an affidavit in which he states that, from August of 1989 through the commencement of this litigation in February of 1993, he personally telephoned defendant and was repeatedly advised that defendant had not yet received final payment from the owner. While defendant disputes this claim, the documentary evidence in the record, rather than supporting defendant's motion to dismiss on the ground of contractual limitations, as well as waiver and release, is, at times, directly contradictory to it. At the very least, there are disputed questions of fact here that require resolution in further proceedings. Concur—Ellerin, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.