■ In the Matter of EDWIN GARCIA, Appellant, v DIVISION OF STATE POLICE et al., Respondents. [754 NYS2d 913] —Kane, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered July 6, 2001 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

In January 1993, petitioner, an inmate incarcerated at Sullivan Correctional Facility in Sullivan County, made a request under the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) for records, files and memoranda that the State Police had concerning petitioner, including any correspondence between the State Police and the Dutchess County District Attorney's office. Petitioner, a former State Trooper, was convicted in 1992 of robbery. Petitioner's request was granted in part and 198 pages of material were disclosed to petitioner. In a CPLR article 78 proceeding commenced in Dutchess County to review the release determination, respondent Division of State Police was directed to disclose additional records upon payment of appropriate fees.

Thereafter, in September 1999, petitioner made a second FOIL request seeking State Police records concerning his arrest and criminal prosecution for robbery in Dutchess County. This request was denied based upon the fact that the same records had previously been requested. Petitioner, in turn, commenced another proceeding pursuant to CPLR article 78 to review this determination. Respondents moved to dismiss the petition on the ground that petitioner had failed to comply with the service requirements contained in the order to show cause and thus had failed to obtain personal jurisdiction over them. Supreme Court granted the motion and petitioner filed a notice of appeal. By order entered July 24, 2001, this Court denied petitioner's motion for an extension of time to perfect the appeal and dismissed the appeal.

---

On October 31, 2000, petitioner submitted another FOIL request to the Division seeking substantially the same information which had been previously requested in 1999. When these requests were refused on the ground that the request had previously been responded to and would not be reconsidered, this CPLR article 78 proceeding ensued seeking an order directing respondents to provide the requested documents. Respondents successfully moved to dismiss the proceeding as untimely and this appeal ensued.

We agree with Supreme Court that this is a belated attempt to seek judicial review of the 1999 denial of access to information and it is, therefore, time-barred. Petitioner did take a timely administrative appeal after each FOIL request denial, and thus was deemed to have exhausted his administrative remedies, thereby enabling him to seek judicial review of the denials thereof within the four-month statute of limitations period (*see* CPLR 217). However, if two FOIL requests are duplicative, the "instant proceeding [is] properly dismissed as a belated attempt to seek judicial review of the denial of the first request" (*Matter of Mendez v New York City Police Dept.*, 260 AD2d 262, 262-263; *see Matter of Van Steenburg v Thomas*, 242 AD2d 802, 803, *lv denied* 91 NY2d 803). Here, petitioner's October 31, 2000 FOIL request is nearly identical to the September 1999 request, which, in turn, is a more specific list of the 1993 FOIL request. Consequently, Supreme Court properly determined that this CPLR article 78 proceeding constituted an improper attempt by petitioner to relitigate his prior CPLR article 78 proceeding and respondents' prior denial of his FOIL request.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.