OPINION OF THE COURT
Carol R. Edmead, J.
In this CPLR article 78 proceeding, petitioners, Cy Greene *126 (Greene)[1] and his attorneys, Beldock Levine & Hoffman LLP (Beldock) request that this court reverse a determination by respondents, dated September 1, 2002, which denied petitioners access to certain records, and direct respondents to produce such records. Respondents cross-move to dismiss the petition based on statute of limitations grounds. This court dismisses petitioners’ article 78 petition and grants respondents’ cross motion.
Instant Proceeding
The subject determination by respondents’ appeals officer denied petitioners’ appeal for access to certain records, stating that “the records are exempt from disclosure on the basis of Public Officers Law § 87 (2) (e) (i), in that such records, if disclosed, would interfere with law enforcement investigations or judicial proceedings, including civil litigation.” Such determination further stated that “[o]ther exemptions under FOIL [Freedom of Information Law; Public Officers Law § 84 et seq.] also may apply.”[2]
In the instant application, petitioners contend that the subject determination was arbitrary and capricious, and an abuse of discretion because respondents failed to establish that the exemption claimed applied to petitioners’ FOIL request. Specifically, respondents argue that (1) there were no investigations with which the disclosures sought would interfere; (2) there were no pending judicial proceedings; and (3) such boilerplate response violates the spirit of FOIL. Petitioners also claim that the catchall phrase, “other exemptions also may apply” is an insufficient basis as a matter of law. Petitioners further argue that the subject determination constitutes a failure of respondents to perform their duty under the law.
In response, respondents cross-move to dismiss the petition pursuant to CPLR 3211 (a) (5) and 7804 (f), arguing that the petition is time-barred pursuant to CPLR 217 (1). In this *127 regard, respondents argue that the petition constitutes a belated attempt to challenge a denial of access to the same set of records which were requested by Greene and denied many years ago. To establish the duplicity of respondents’ latest request, respondents submit a 1996 letter by Greene, wherein he requested copies of (1) “the police surveillance reports for June 16, 1983 through June 21, 1983” regarding his indictment, and (2) “the unusual occurrence addendum report (also known as a crib sheet).” Respondents also submit a response from the Police Department Legal Bureau, dated October 23, 1996, which states that Greene’s “documents were accessed and forwarded to [him] by mail * * *” in 1993. Such letter also advised that respondents therefore fulfilled their duty to Greene “several years ago.”[3] In further support, respondents provide a copy of Greene’s 1998 article 78 petition, in which Greene sought to compel the Police Department to produce records. In said petition, Greene attested that on 10 separate occasions between 1995 and 1997, he sought “a copy of the police surveillance report for June 16, 1983 thru June 21, 1983 * * *; a copy of the Unusual Occurrence Addendum Report * * *; All Police Activity Logs * * * Police Memo Book Entries * * * Any and all investigation reports by any law enforcement agencies, pertaining to Cy Greene * * According to said petition, the Police Department failed to acknowledge or answer any of Greene’s requests.[4] Finally, respondents submit the February 1, 2002 letter request by Beldock, made on its behalf and on behalf of Greene for records. In such letter, Beldock listed 42 documents, which list included (except for memo book entries) records sought in Greene’s 1998 petition. Respondents argue that although the 2002 letter was “more detailed” than Greene’s earlier requests, it is yet duplicative and cannot extend or toll the statute of limitations.
*128 In opposition to respondents’ cross motion, petitioners point out that the 2002 request was independently made by Beldock, which is authorized by FOIL (Public Officers Law § 84). Petitioners argue that the fact that Beldock’s request was also made on behalf of Greene does not diminish the propriety of its request, and to hold otherwise would be contrary to both public policy and the statutory purpose of FOIL. Petitioners also contend that doctrines of waiver and estoppel preclude respondents from raising a statute of limitations claim at this juncture, as such claim was not expressed in the subject determination, or in the determination of April 26, 2002. Petitioners further argue that respondents failed to demonstrate that the 2002 request was truly identical to Greene’s prior requests, since the records from 1993 were archived. Petitioners also add that changed circumstances and subsequent court decisions limiting the application of exemptions justify the relief sought herein. According to petitioners, Greene has always maintained his innocence, the identification testimony was insufficient, and the identity of three additional eyewitnesses could be discovered from the documents; therefore fairness and due process warrant disclosure of what would amount to exculpatory evidence. In the alternative, petitioners urge the court to conduct an in camera inspection of the withheld documents, as respondents failed to establish their confidentiality.
In reply, respondents argue that Beldock’s claim that the 2002 request was made independently on its own behalf is without merit, since the express language of the statute of limitations applies to petitioner Greene and his “representative.” Respondents argue that to hold otherwise would burden the agency with belated challenges to determinations, by requesters who seek to renew applications “by means of subsequent requests made under the name of a representative or agent.” Respondents also argue that this court may consider additional grounds to deny disclosure, since the rule limiting judicial review to those grounds invoked by the agency apply to article 78 proceedings for writs of mandamus or certiorari to review determinations of writs of mandamus, and not to writs of mandamus to compel, as sought herein. Respondents argue that to estop respondents from asserting the statute of limitations defense for failing to recognize the 2002 request as duplicative of Greene’s prior request would be an unfair penalty.
Analysis
In an article 78 proceeding for judicial review of an administrative determination, the court is limited to determining the *129 propriety of the grounds invoked by the agency (see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753 [1991]). If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis (see Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753 [1991], supra). These limitations, however, do not apply to a mandamus to compel proceeding, in which case, a court may grant relief that it deems just and proper under the circumstances (see Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753 [1991], supra). Here, petitioners seek judicial review of respondents’ final determination and an order directing that the requested records be provided to petitioners. To the extent that petitioners seek to compel production, this court’s review is not limited to the grounds asserted in respondents September 1, 2002 determination.
Moreover, CPLR 3211 (e) prescribes that the statute of limitations defense "is waived unless raised either by such motion or in the responsive pleading.” Here, respondents raised the statute of limitations defense in the form of a motion to dismiss as required by the CPLR (see also CPLR 7804 [f] ["respondent may raise an objection in point of law by setting it forth in his answer or by a motion to dismiss the petition, made upon notice within the time allowed for answer”]). Contrary to petitioners’ contentions, the case cited by petitioners supports the court’s position in this regard (Tibodeau v Abrahams, 260 AD2d 367 [2d Dept 1999] [statute of limitations defense was not properly before the court because it was not raised in defendants’ motion to dismiss]). Moreover, petitioners’ reliance on Public Officers Law § 84, which grants the public the right to access governmental records, does not however, limit the statute of limitations’ clear applicability to petitioners. Further, respondents are not estopped from raising this defense at this juncture, as it cannot be said that petitioners were induced by fraud, misrepresentations or deception to refrain from filing a timely action (Matter of Platzman v Munno, 282 AD2d 539 [2d Dept 2001]; compare Simcuski v Saeli, 44 NY2d 442, 448-449 [1978]; Highland Mech. Indus, v Herbert Constr. Co., 216 AD2d 161 [1st Dept 1995]). In the face of the CPLR, respondents have properly raised the statute of limitations defense for this court’s consideration.
*130 Pursuant to CPLR 217,[5] an article 78 proceeding accrues, and the four-month statute of limitations begins to run, after the “respondent’s refusal, upon the [request] of the petitioner or the person whom he represents, to perform its duty” (see CPLR 217). A FOIL request made by a representative of the petitioner cannot be considered an independent request; rather it is a request on behalf of his or her client. Furthermore, the statute of limitations does not toll or extend when a subsequent FOIL request is duplicative of the prior request (Matter of Kelly v New York City Police Dept., 286 AD2d 581 [1st Dept 2001]). A subsequent FOIL request that is nearly identical to a prior request, except that the request is more specific, would be duplicative (see Matter of Garcia v Division of State Police, 302 AD2d 755 [3d Dept 2003]). Thus, if two FOIL requests are duplicative, the court may dismiss the proceeding challenging a determination of the latter request, as a belated attempt to seek judicial review of the denial of the first request (Kelly v New York City Police Dept., 286 AD2d 581 [2001], supra).
In the case at bar, this court finds that the 2002 request is duplicative of Greene’s prior requests, for which the final determination was rendered on October 23, 1996. The February 1, 2002 request made by Greene’s counsel states that their request is so extensive because it “seek[s] all applicable documents and reports that were then in existence.” This broad request for records certainly includes the prior requests made by Greene. Moreover, Greene’s counsel are bound by CPLR 217 (1) and cannot rely on FOIL to skirt this statute; otherwise, these requests would go on ad infinitum and “make an absurdity of the statute” (Matter of Mallen v Morton, 199 Misc 805, 811 [Sup Ct, NY County 1950]). In respondents’ October 23, 1996 letter, respondents took the position that they were under no further obligation or duty to produce records. Thus, this court finds that the statute of limitations, accrued as of October 23, 1996, and the subsequent, duplicative requests by Greene or his counsel do not toll the statute of limitations.
*131 In light of the above, the court does not reach the propriety of respondents’ 2002 determination of petitioners’ FOIL request, given that the court lacks jurisdiction.

. Petitioner Greene is currently incarcerated for Ms conviction in 1985 for murder and robbery, in wMch Greene maintains Ms innocence. The instant petition contains numerous allegations challenging the sufficiency and credibility of the prosecution’s sole eyewitness identification testimony. In their effort to have Ms conviction overturned, the petitioners essentially seek statements and information of alleged additional eyewitnesses.

. Evidently, such response was related to the branch of petitioners’ May 30, 2002 appeal for witness statements. In this regard, petitioners argued that the absence of any law enforcement Mvestigations and the lack of any proof that the witness(es) were confidential sources, defeat respondents’ assertion on April 26, 2002 that the witness statements were privileged pursuant to “87.2 (e) (iii).”

. Respondents claim that Police Department records reveal that in 1993, Greene made two broad requests for records pursuant to FOIL, and that some documents were produced at that time. Respondents further claim that Greene took an administrative appeal. Respondents argue that since the determination of the administrative appeal occurred on November 1, 1993 and the records sought herein are duplicative of those sought in 1993, the statute of limitations accrued on November 1, 1993. However, copies of documents reflecting such information were unavailable since they were archived. The court’s determination is reached independent of this assertion.

. According to respondents, the 1998 article 78 petition and subsequent appeal were dismissed by order entered on May 12, 1998 (Braun, J.; see Matter of Greene v Lombardi, 262 AD2d 35 [1st Dept 1999]). Respondents further state that the dismissal of the appeal was not on the merits.

. Clearly petitioner’s counsel is unpersuaded by the long-standing rule articulated in rule 14 (c) of the Rules of the Justices, Supreme Court, Civil Branch, New York County (NYLJ Rules Pamphlet at 10 [Apr. 2003]), prohibiting sub judice unsolicited submissions on a motion. But", in order to spare yet one more felled tree, in the name of a motion to renew, the court addresses the petitioner’s counsel’s April 17, 2003 letter and attached decision by Judge James in the case entitled Daily News, L.P. v New York City Off. of Payroll Admin. (NYLJ, Apr. 17, 2003, at 21, col 4). The court finds the cited case inapplicable to the case at bar given that CPLR 217 (1) was not an issue in the cited case.