| **Zappin v New York County Dist. Attorney's Off.** |
|:---:|
| 2025 NY Slip Op 30065(U) |
| January 3, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 150736/2024 |
| Judge: Leslie A. Stroth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LESLIE A. STROTH**      PART        12M

*Justice*

------------------------------------------------------------------X

LEIGH ANNE ZAPPIN,

                Petitioner,

        - v -

NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE,

              Respondent.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150736/2024 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 9, 11, 12, 13, 14, 38, 39, 40, 41

were read on this motion to/for        **ARTICLE 78 (BODY OR OFFICER)**  .

      Petitioner Leigh Anne Zappin moves here in this Article 78 proceeding to vacate respondent New York County District Attorney's Office's denial of petitioner's Freedom of Information Law ("FOIL") request made pursuant to New York Public Officers Law §84 *et seq.*, submitted on September 1, 2023 and to direct respondent to provide the requested records, as well as for an award for fees and costs.

      Petitioner sought records from respondent related to a police report filed on November 2, 2016 by Anthony Zappin and all of its records pertaining to *People v. Anthony Zappin*, Case No. 2017NY019016 (Exh 1).[1] On September 8, 2023, respondent denied petitioner's FOIL request for the following reasons (Exh 2):

---

[1] The police report filed by Anthony Zappin alleged that Judge Matthew Cooper, who presided over Mr. Zappin's matrimonial proceedings, had approached and spit on him (Exh A), which was allegedly disproven by surveillance footage (Exh B) and resulted in Mr. Zappin pleading guilty to Disorderly Conduct (Exh C).

On March 8, 2018, the Appellate Division in the First Department held that disbarment is the appropriate sanction for Mr. Zappin, who was admitted to the practice of law in the State of New York for various instances of misconduct made during the proceedings (*Matter of Zappin*, 160 A.D.3d 1 (1st Dept 2018)).

**150736/2024   ZAPPIN, LEIGH ANNE vs. NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE**      Page 1 of 7
**Motion No.  001**

1 of 7

[* 1]

I have determined that this is a duplicate of three other recent requests submitted by Anthony Zappin, his father and a business associate. The generalized nature of your request notwithstanding, you are "seek[ing] the same information as a prior request that ha[s] been fully processed" ... All four of these 2023 requests, including yours, are duplicates of a July 27, 2018, FOIL request for records related to the above-mentioned criminal matter, for which Anthony Zappin received a determination. That prior 2018 determination remains in effect... And judicial review thereof is time-barred...

Additionally, publicly available records indicate that you, too, are related to Anthony Zappin. Please be advised that those acting on behalf of a prior FOIL requestor are also necessarily "bound by" the statute of limitations in "CPLR §217(1)"... Accordingly, the failure to timely appeal the July 27, 2018, determination cannot be overcome by making subsequent, duplicative FOIL requests, whether submitted by a business associate or family member.

Petitioner appealed the decision on September 11, 2023 (Exh 3). Said appeal was denied on September 25, 2023 for being "substantively an exact duplicate of the 2018 FOIL request submitted by Anthony Zappin...Any failure to timely administratively appeal a prior FOIL determination cannot be overcome by making a subsequent, duplicative FOIL request, whether it be in the name of the prior requestor (Anthony Zappin, in this case) or someone acting on his behalf (in this case, Anthony Zappin's mother Leigh Anne Zappin, his father Jeffrey Zappin, and his longtime friend and business partner Brock Fredin)..." (Exh 4). The decision further states that the "criminal prosecution is the subject of pending litigation, in both state and federal court" and that "FOIL exempts from disclosure documents compiled for law enforcement purposes which, if disclosed, would interfere with a judicial proceeding..." (Id.).

Petitioner argues that respondent denied the FOIL request based upon the statute of limitations and an alleged duplicate request made in 2018 by Anthony Zappin, who is the son of petitioner, and because petitioner was an agent of Mr. Zappin. According to petitioner, respondent failed to set forth evidence or case law in support of its decision. Petitioner avers that she was not an agent of Mr. Zappin since he did not have any "control" over her regarding the FOIL request, which she states is a "crucial component of the principal-agent relationship", relying on *Exoneration Initiative v. NYPD*, 2012 N.Y. Slip. Op. 31901 (N.Y. Sup. Ct. 2012) and

**150736/2024   ZAPPIN, LEIGH ANNE vs. NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE**    Page 2 of 7
**Motion No.  001**

[* 2]                                                      2 of 7

*Taylor v. Sturgell* 553 U.S. 880, 906 (2008). Petitioner also alleged improprieties and misconduct in the prosecution of the subject action and claims that she is entitled to the records as a member of the public (See *Madeiros v. N.Y.S. Educ. Dept.*, 30 N.Y.3d 67 (2017).

In addition, according to petitioner, although respondent stated otherwise in its denial, there are no ongoing state proceedings related to *People v. Zappin*, which was terminated in 2016, and the only federal action is a civil suit, *Zappin v. Cooper et al.*, Case No. 20-cv-2669 (SDNY), which is on appeal in the Second Circuit, and alleges claims for abuse of process. Petitioner contends that only criminal appeals and subsequent judicial proceedings within the same prosecution apply to the Judicial Interference Exemption under Public Officer's Law §87(2)(e) that respondent refers to in its denial of petitioner's appeal. On March 5, 2024, petitioner submitted a Reply Affidavit, which, *inter* alia, references a decision by Judge Arlene Bluth on February 29, 2024 in *Jeffrey Zappin v New York County District Attorney's Office*, Index No. 150420-2024, and alleges that the Manhattan District Attorney and Judge Bluth misapprehended the facts.

In opposition, respondent argues that petitioner seeks records containing the same subject matter Anthony had requested in two FOIL requests on May 30, 2018 and July 27, 2023 (Exhs D & F), which were granted in part and denied in part on July 27, 2018 (Exh E), with the second being denied on August 25, 2023 (Exh J), and Anthony's appeal being denied on September 18, 2023 (Exh K). Anthony failed to appeal the July 27, 2018 determination. Respondent further discusses Judge Bluth's decision, filed by Anthony Zappin's father, Jeffrey Zappin, whom he argues, sought the same records petitioner requests in the instant matter (Exh V). Judge Bluth denied Jeffrey's petition, finding that "[respondent] was justified in denying [his] FOIL request on that ground that it was duplicative" (Id., p 4).

**150736/2024  ZAPPIN, LEIGH ANNE vs. NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE**     **Page 3 of 7**
**Motion No.  001**

3 of 7

[* 3]

On August 25, 2023, Jeffrey Zappin and Anthony's business associate Brock Fredin made similar FOIL requests seeking the same records sought by Anthony, the same date respondent denied Anthony's FOIL request, with Jeffrey's letter indicating the same address as that in Anthony's FOIL request - - P.O. Box 443, North Myrtle Beach, South Carolina (Exhs L, M, & F). On August 30, 2023, Jeffrey's request was denied as being a duplicate of Anthony's request submitted in 2018 and 2023; his appeal thereafter was also denied on September 14, 2023 (Exhs O & Q).

Respondent stated that Brock's FOIL request and appeal were also denied on September 1 and 18, 2023 for being duplicative and time-barred. Respondent claims that petitioner's FOIL request is duplicative of Anthony's, Jeffrey's and Brock's FOIL requests, all of which sought records relating to respondent's investigation of the November 2, 2016 police report and the resulting criminal prosecution.

\* \* \*

Judicial review of an administrative determination is limited to whether the determination was made "in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion…" CPLR 7803 (3). In *Matter of Pell v Board of Educ.* (34 NY2d 222, 231 [1974]), the Court of Appeals held that an action is "arbitrary and capricious" when it is "…without sound basis in reason and is generally taken without regard to the facts." Review under Article 78 is unavailable in this Court in the absence of a "final and binding" agency determination (CPLR § 7801 [a]; see e.g. *Matter of Preserve BAMS Historic Dist. Inc. v Landmarks Preserv. Commn. of the City of N.Y.*, 217 AD3d 512 [1st Dept 2023]).

"A FOIL request made by a representative of the petitioner cannot be considered an independent request; rather it is a request on behalf of his or her client. Furthermore, the statute

**150736/2024   ZAPPIN, LEIGH ANNE vs. NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE**          **Page 4 of 7**
**Motion No.  001**

4 of 7

[* 4]

of limitations does not toll or extend when a subsequent FOIL request is duplicative of the prior request. A subsequent FOIL request that is nearly identical to a prior request, except that the request is more specific, would be duplicative. Thus, if two FOIL requests are duplicative, the court may dismiss the proceeding challenging a determination of the latter request, as a belated attempt to seek judicial review of the denial of the first request" (*Greene v. City of New York*, 196 Misc. 2d 125 (Sup. Ct. 2003)).

First, this Court is unpersuaded by petitioner's argument that she was not acting on Anthony's behalf by submitting her FOIL request. Petitioner stated in her papers that "she has a vested interest in obtaining responsive records to her September 1 FOIL Request" since she and her husband paid for Anthony's legal defense in *People v. Zappin* and education at Columbia University Law School, and stated that Mr. Zappin was "unlawfully and unconstitutionally stripped of his law license in a collateral estoppel disciplinary proceeding, which cited the outcome of *People v. Zappin* as part of the basis for imposing attorney discipline. Petitioner and her husband largely paid for Anthony Zappin's legal defense in that matter as well" (Petition, ¶15). Petitioner also stated in her Reply Affidavit that "Anthony Zappin had asked Petitioner to proofread his July 27, 2023 FOIL request. Petitioner used the July 27, 2023 FOIL request as a reference and template as to some of the boilerplate language with respect to citing the appropriate statute, fees, response time, appeals, etc." (NYSCEF Doc. 11, ¶19).

The Court further finds that petitioner's FOIL request is duplicative of those made prior by Anthony, Jeffrey, and Brock. On May 30, 2018, Anthony requested records relating to the November 2, 2016 police report and the criminal prosecution related to such, as well as documents made by the Attorney Grievance Committee for the First Judicial Department (Exh D). On July 27, 2018, respondent granted Anthony's FOIL request in part and disclosed specific

**150736/2024 ZAPPIN, LEIGH ANNE vs. NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE** **Page 5 of 7**
Motion No. 001

[* 5]

5 of 7

records pertaining to his requests in certain categories and denied access to the remainder (Exh E). The Court notes that Anthony failed to appeal the decision.

On July 27, 2023, Anthony submitted another and similar FOIL request (Exh F) and such was denied on August 25, 2023 for, among others, being "nearly an exact duplicate of a prior FOIL request which was determined by RAO Robin McCabe on July 27, 2018" (Exh J). Respondent stated that Anthony appealed the decision on September 1, 2023, the same date petitioner Leigh Zappin in this matter filed her FOIL request, which was also denied on September 18, 2023 (Exh K).

As to petitioner Leigh Anne Zappin's FOIL request dated September 1, 2023, petitioner requested the following documents, with the inclusion of certain set of examples in both sections (see Exh 1): "1. Any and all records in the possession, custody and/or control of the New York County District Attorney's Office associated with, concerning and/or relating to the November 2, 2016 Police Report..." and "2. Any and all records in the possession, custody and/or control of the New York County District Attorney's Office associated with, concerning and/or relating to People v. Zappin..." (Exh 1).

The Court finds that petitioner's FOIL request, although broad in nature, requests documents relating to the same subject matter requested by Anthony in his FOIL requests (Exhs D & F). For example, although petitioner requested all records in respondent's control, she also specified witness statements, communications, and evidence (Exh 1). Anthony requested such similar documents throughout his FOIL requests, which would be within the purview of petitioner's FOIL request (Exhs D & F). The Court also notes that petitioner's FOIL request contains the same P.O. Box in North Myrtle Beach, South Carolina listed by Anthony and Jeffrey's requests.

**150736/2024  ZAPPIN, LEIGH ANNE vs. NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE**
**Motion No. 001**

**Page 6 of 7**

6 of 7

[* 6]

In view of the foregoing, the Court is denying petitioner's motion to direct respondent to respond to her FOIL request submitted on September 1, 2023. The Court is neither inclined to grant petitioner costs and fees since she has not "substantially prevailed" and respondent "had a reasonable basis for denying access to the records sought" (*Stengel v. Vance*, 198 A.D.3d 434 (1st Dept 2021)).

\* \* \*

According, it is hereby

ORDERED that the petition is denied in its entirety.

The foregoing constitutes the decision and order of the Court.

1/3/2025
DATE

HON. LESLIE A. STROTH-SOTH
J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150736/2024  ZAPPIN, LEIGH ANNE vs. NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE**
**Motion No.  001**

Page 7 of 7