OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff, Guardian Life Ins. Co. of America (Guardian), contracted with defendant, Merlin Schaefer, on December 18, 1981 to sell him disability insurance. The policy was ’’backdated” to expressly indicate that its ’’date of issue” was December 4, 1981. According to Guardian, such back-dating accorded with its customary practices and enabled Schaefer to take advantage of a reduced premium rate. The policy also provided that its ’’effective date” was February 25, 1982. The policy’s incontestability clause, part of the contract pursuant *890 to statutory mandate, recited that after the policy was "in force” for two years, Guardian would be barred from voiding it because of material misstatements by the insured.
Schaefer became disabled on May 19, 1983 and on February 23, 1984, Guardian commenced this action to void the policy on the ground that it would not have been issued but for Schaefer’s false statements. Schaefer counterclaimed, seeking a declaration that the policy was in full force and an order compelling Guardian to fulfill its obligations under the insurance contract. Schaefer argued that the two-year incontestability clause began to run on December 4, 1981, the "date of issue”, and that, therefore, Guardian was now prevented from voiding the policy for misstatements. On Schaefer’s motion for summary judgment, the Supreme Court granted the relief he sought. The Appellate Division subsequently affirmed, without opinion.
Resolution of this dispute depends on whether the term "in force,” as used in the incontestability clause, means the "date of issue” or the "effective date” of the policy. Nowhere does the policy itself or the applicable statute governing incontestability clauses in accident and health policies (Insurance Law § 3216 [d] [1] [B] [i]) define the term "in force.” That phrase arguably could apply to either the date of issue or the effective date. Thus, the term "in force” is ambiguous and the rule of construction that ambiguities in contracts must be construed against the drafter (Killian v Metropolitan Life Ins. Co., 251 NY 44), is applicable.
Here, the insured is entitled to the inference that the term "in force,” as used in the incontestability clause, refers to the date of issuance, December 4, 1981. Accordingly, the insurer’s time to void the policy on grounds of material misstatements ended on December 3, 1983 and its obligations to the insured became fixed at that time.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.