■ FRANK DENI et al., Appellants, v GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA et al., Respondents.—Order unanimously affirmed without costs. Memorandum: Defendants' motion for summary judgment dismissing the complaint was properly granted. Defendants met their initial burden of demonstrating entitlement to judgment in their favor as a matter of law by the tender of evidence in admissible form which established that plaintiff Frank Deni's property had no compensable value at the time it was destroyed by

fire. The record establishes that, prior to the date of the fire, plaintiff had entered into a contract to demolish the building, all of the tenants had vacated the building pursuant to plaintiff's notices to vacate and the utilities had been "disconnected from the building" in late October, 1986. Plaintiff's September 3, 1986 notice to vacate informed a tenant that "we have made the difficult decision to demolish the building". Additionally, plaintiff's employees, at his direction, "stripped" the building of all valuable and salvageable material. Finally, plaintiff testified at an examination before trial that the demolition process had actually commenced and, thereafter, the demolition contractor had salvage rights to the building materials.

In opposition to defendants' motion, plaintiff submitted an affidavit that contained speculative and conclusory allegations regarding his plan to stop the demolition process had he found a purchaser for the building. Plaintiff asserts that his acts in "stripping" the building were equally consistent with his intention to rehabilitate or remodel the building as they were with his plan to demolish the structure. Contrary to the plaintiff's argument, he has shown no basis to avoid the obligations of the demolition contract. Indeed, the existence of the demolition contract undercuts plaintiff's argument that his actions in "stripping" the building were consistent with a plan either to rehabilitate or to demolish the building. Additionally, the affidavit of an alleged prospective purchaser provides no evidentiary support for plaintiff's opposition to defendants' motion since the affiant never submitted to plaintiff either an offer or a contract to purchase.

We conclude, therefore, that at the time of the fire, the demolition process had commenced and the razing of the building was essentially certain, and, thus, it had no value for indemnity purposes *(see, Paterson-Leitch Co. v Insurance Co.,* 366 F Supp 749, 756-757; *Aetna State Bank v Maryland Cas. Co.,* 345 F Supp 903, 908-909; *see also, Chicago Tit. & Trust Co. v United States Fid. & Guar. Co.,* 511 F2d 241; *Garcy Corp. v Home Ins. Co.,* 496 F2d 479, *cert denied* 419 US 843; *Royal Ins. Co. v Sisters of Presentation,* 430 F2d 759). (Appeal from Order of Supreme Court, Niagara County, Mintz, J.—Summary Judgment.) Present—Dillon, P. J., Boomer, Pine, Balio and Davis, JJ.