■ In the Matter of EMPIRE INSURANCE COMPANY, Respondent, v EVANGELIA KAPAROS, Appellant.—Order of the Supreme Court, New York County (Edward J. Greenfield, J.), entered on February 14, 1991, which granted petitioner's application to permanently stay the arbitration of respondent's uninsured motor vehicle claim, is unanimously reversed on the law and the petition denied and dismissed, with costs and disbursements.

Respondent Evangelia Kaparos was injured on October 2, 1989 when her vehicle was struck in the rear by an unknown motorist, who then fled the scene. An accident report was filed with the police within twenty-four hours of the incident. On October 26, 1989, respondent's counsel wrote to petitioner Empire Insurance Company as follows:

"Please be advised that I represent your assured, Evangelia Kaparos who sustained personal injuries in an accident which occurred on October 2, 1989 on the Brooklyn Queens Expressway at or near 39th Street, Brooklyn, New York. Mrs. Kaparos' vehicle was struck by another vehicle which left the scene of the accident.

"A claim will be made under both the Uninsured Motorist Endorsement as well as a claim for economic loss under the Personal Injury Protection portion of her policy.

"Kindly forward the necessary No-Fault Application for Benefits together with accompanying papers to the attention of the undersigned at your earliest convenience.

"Kindly acknowledge receipt of this communication."

When there was no response, respondent's attorney, in a letter dated November 27, 1989, again wrote to petitioner, stating that:

"Enclosed please find a copy of the New York City Police Accident Report involving the above-mentioned occurrence.

"This is to advise you again, pursuant to my letter of October 26, 1989, that a claim will be made under both the Uninsured Motorist Endorsement as well as the Personal Injury Protection portion of my client's and your assured's liability policy set forth above.

"To date, I have not received an application for No-Fault benefits as requested in my aforementioned letter.

"Kindly acknowledge receipt of this communication forthwith and forward the requested forms."

The insurance company still did not reply, so respondent served a notice of arbitration upon petitioner, using forms supplied by the American Arbitration Association. Petitioner, accordingly, brought the instant petition to stay arbitration. While admitting that it had issued respondent a motor vehicle liability policy containing an uninsured motorist endorsement covering personal injuries suffered from a hit-and-run accident, petitioner asserted that arbitration should be stayed since respondent had breached the terms of the contract. Specifically, respondent had purportedly failed to file a police report within twenty-four hours as mandated by the uninsured motorist endorsement and she had not submitted to the insurer a statement under oath within ninety days of the accident that she has a cause of action. In granting the insurance company's application, the Supreme Court observed that: "Even assuming a police report was filed by respondent within 24 hours after the alleged 'hit and run' accident, no statement under oath, as required by respondent's uninsured motorist endorsement, was filed by respondent insured or [h]er legal representative within 90 days of the accident advising petitioner that respondent has a cause of action for damages against a person whose identity is unascertainable and setting forth the facts in support thereof."

The relevant sections of the subject policy provide that:

"II. Definitions

"(c) Hit-and-Run Automobile * * * (2) the insured or some-one on his behalf shall have reported the accident within 24 hours or as soon as reasonably possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 90 days thereafter a statement under oath that the injured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof * * *

"CONDITIONS * * *

"3. Notice and Proof of Claim; Medical Reports: Within 90 days or as soon as practicable, the insured or other person making claim shall give to the company written notice of claim under this coverage.

"As soon as practicable after written request by the company, the insured or other person making claim shall give to the company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable hereunder * * * Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim."

It is respondent's position that she complied with the procedures necessary for filing a claim against a hit-and-run driver and that, in any event, the two separate sections relating to making a statement under oath are conflicting and, therefore, ambiguous. Indeed, there is merit to her contention that the Supreme Court erred in granting petitioner's petition to stay the arbitration.

In *Matter of Allcity Ins. Co. (Jimenez)* (170 AD2d 238, *affd* 78 NY2d 1054, *rearg denied* 79 NY2d 823), the court, citing *Eveready Ins. Co. v Saunders* (149 AD2d 456), held that the insured's failure to file a sworn statement concerning a hit-and-run accident under the uninsured motorist endorsement of his policy within ninety days negated coverage. As the court noted in *Eveready Ins. Co. v Saunders (supra,* at 457), "[t]he governing principle is that an insured must give notice to his or her insurer within the time limit provided in the

insurance policy or within a reasonable time under all the circumstances, and that absent a valid excuse, failure to satisfy the notice requirement vitiates coverage". However, in the present situation, respondent, by means of a letter from her attorney, gave notice to the insurance company some three weeks after the incident and requested that the requisite forms be sent to her. A second letter, which was accompanied by a copy of the police report, was mailed a month later when petitioner failed to respond. Then, pursuant to the insurance contract, wherein arbitration is available to determine whether the insured is entitled to coverage, respondent demanded arbitration as it appeared that the insurance company was denying liability, and only then did petitioner finally recognize respondent's claim to the extent of moving for a permanent stay of arbitration.

The policy itself authorizes the insured's representative to act on his or her behalf, which is what respondent's counsel did. The document, although at one point requiring a sworn statement under oath, also contains a clause that the insured shall furnish written proof of claim after written request by the company. Thus, the procedure necessary to make claim is, at best, ambiguous since the policy contains what seem to be contradictory provisions. *Matter of Allcity Ins. Co. (Jimenez) (supra)* applies only where "[i]t would be contrary to law for us to ignore * * * clear and unambiguous notice requirements" *(see also, Acorn Ponds v Hartford Ins. Co.,* 105 AD2d 723). It is, moreover, axiomatic that ambiguous language in a contract is to be generally construed against the party who drafted it *(Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454; *Guardian Life Ins. Co. v Schaefer,* 70 NY2d 888; *Jacobson v Sassower,* 66 NY2d 991). Concur—Milonas, J. P., Ellerin, Kupferman, Asch and Kassal, JJ.