■ In the Matter of EVEREADY INSURANCE COMPANY, Appellant, v JUDITH RUIZ et al., Respondents. [618 NYS2d 80] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated July 21, 1993, which, upon reargument, denied the application.

Ordered that the order is affirmed, with costs.

Contrary to the petitioner's contention, we find that the Supreme Court did not err in concluding that the notice provisions in its uninsured motorist endorsement are ambiguous. Although one portion of the subject endorsement requires a claimant to file a statement under oath within 90 days after an accident, the endorsement also contains a contradictory clause requiring a claimant to furnish sworn written proof of claim "after written request by the company". Thus, "the procedure necessary to make claim is, at best, ambiguous" *(Matter of Empire Ins. Co. v Kaparos,* 183 AD2d 566, 569), and such ambiguity must be construed against the insurance company which drafted the policy *(see, Guardian Life Ins. Co. v Schaefer,* 70 NY2d 888, 890; *Matter of Empire Ins. Co. v Kaparos, supra).* Since it is undisputed that the claimants provided the petitioner with notice of their claim within the time limit provided in the policy, their failure to additionally file a sworn statement under oath within 90 days after the accident does not vitiate coverage. Accordingly, the petitioner's application for a permanent stay of arbitration was properly denied. Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.