■ In the Matter of EVEREADY INSURANCE COMPANY, Appellant, v ANSELMO FARRELL, Respondent. [757 NYS2d 859] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Kings County (R. Rivera, J.), dated January 15, 2002, which granted the motion of Anselmo Farrell for leave to reargue the petition, which was decided by a prior order of the same court, dated September 24, 2001, granting the petition, and upon reargument, denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

It is well settled that a motion for leave to reargue is addressed to the sound discretion of the court which made the original determination and may be granted upon a showing that the court overlooked or misapprehended the facts or law, or for some other reason mistakenly arrived at its earlier determination (*see Hoey-Kennedy v Kennedy,* 294 AD2d 573 [2002]). The Supreme Court providently exercised its discretion in granting the respondent's motion for leave to reargue the granting of the petition to stay arbitration.

In addition, ambiguities or conflicting provisions in insurance contracts must be construed against the insurance company which drafted the policy (*see Guardian Life Ins. Co. of Am. v Schaefer,* 70 NY2d 888, 890 [1987]; *Matter of Eveready Ins. Co. v Ruiz,* 208 AD2d 923 [1994]). We agree with the Supreme Court that the two notice provisions in the policy at issue are ambiguous, and must be construed against the petitioner. Thus, the petition to stay arbitration was properly denied upon reargument (*see Matter of Eveready Ins. Co. v Ruiz, supra*). Ritter, J.P., Feuerstein, McGinity, Townes and Cozier, JJ., concur.