■ MAUREEN PENNA, Appellant, v FEDERAL INSURANCE COMPANY et al., Respondents. [814 NYS2d 226]—

In a consolidated action, inter alia, for a judgment declaring that the subject insurance policy provided the plaintiff with supplemental uninsured motorist coverage in the sum of $1,000,000 in connection with an automobile accident which occurred on September 14, 2000 and to recover damages for negligence and breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered October 8, 2004, which denied her motion for summary judgment and granted the defendants' separate cross motions for summary judgment.

Ordered that the order is modified by (1) deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment against the defendant Federal Insurance Company on her cause of action for a judgment declaring that the subject insurance policy provided her with supplemental uninsured motorist coverage in the sum of $1,000,000 in connection with an automobile accident which occurred on September 14, 2000, and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof granting the cross motion of the defendant Federal Insurance Company and substituting therefor a provision denying that cross motion; as so modified the order is affirmed, on the law, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the subject insurance policy provided the plaintiff with supplemental uninsured motorist coverage in the sum of $1,000,000 in connection with an automobile accident which occurred on September 14, 2000; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the defendant Federal Insurance Company.

Policies of insurance are to be construed liberally in favor of the insured and strictly against the insurer (*see Government Empls. Ins. Co. v Kligler*, 42 NY2d 863 [1977]). Further, "in

construing an endorsement to an insurance policy, the endorsement and the policy must be read together, and the words of the policy remain in full force and effect except as altered by the words of the endorsement" (*County of Columbia v Continental Ins. Co.*, 83 NY2d 618, 628 [1994]; *see Shah v Cambridge Mut. Fire Ins. Co.*, 304 AD2d 815 [2003]; *Hamilton v Khalife*, 289 AD2d 444 [2001]). "[T]he test to determine whether an insurance contract is ambiguous focuses on the reasonable expectations of the average insured upon reading the policy" (*Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321, 326-327 [1996]).

The defendant Federal Insurance Company argues that the maximum supplemental uninsured motorist (hereinafter SUM) coverage afforded to the plaintiff under the subject insurance policy's "drive other car" endorsement was $50,000, relying upon the fact that the schedule in that endorsement lists $50,000 next to "Uninsured Motorist Limit." The plaintiff argues that the policy provided $1,000,000 of SUM coverage, relying upon the fact that the schedule in the declarations page of the policy lists $25,000/$50,000 next to "Uninsured Motorists," and $1,000,000 next to "SUM Coverage." Since the "drive other car" endorsement does not list SUM coverage at all, and states that "[t]his endorsement changes only those coverages where a premium is shown in the Schedule or in the Declarations," and a premium is shown for the $1,000,000 of SUM coverage on the business policy's declarations, the plaintiff contends that the $1,000,000 of SUM coverage is incorporated by reference into the "drive other car" endorsement.

Reading the policy and the "drive other car" endorsement together, we conclude that they are reasonably subject to either of the two interpretations proffered by the parties. Given the rule that ambiguities in an insurance policy are to be construed against the insurer and in favor of the insured, the construction favoring the plaintiff prevails (*see Matter of Mostow v State Farm Ins. Cos., supra*). As such, the plaintiff is entitled to a judgment declaring that the policy provides her with SUM coverage in the sum of $1,000,000 in connection with an automobile accident which occurred on September 14, 2000.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the policy provides the plaintiff with SUM coverage in the sum of $1,000,000 in connection with an automobile accident which occurred in September 14, 2000 (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The plaintiff's contentions regarding the defendant Safe

Harbor Group, Ltd., are without merit. Crane, J.P., Goldstein, Luciano and Covello, JJ., concur.