■ EMPIRE FIRE AND MARINE INSURANCE COMPANY, Respondent, v EVEREADY INSURANCE COMPANY, Appellant. [851 NYS2d 647]—

In an action for a judgment declaring the priority of insurance coverage in certain underlying personal injury actions, the defendant appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated June 18, 2007, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of judgment declaring that the defendant is not obligated to provide any coverage in the subject underlying personal injury actions.

" '[C]ourts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies' " (*Sanabria v American Home Assur. Co.*, 68 NY2d 866, 868 [1986], quoting *State of New York v Home Indem. Co.*, 66 NY2d 669, 671 [1985]). Unambiguous policy provisions must be given "their plain and ordinary meaning" (*Government Empls. Ins. Co. v Kligler*, 42 NY2d 863, 864 [1977]; *see Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467, 471-472 [2005]; *United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232 [1986]). While any ambiguity must be construed against the insurer as the drafter of the policy (*see Guardian Life Ins. Co. of Am. v Schaefer*, 70 NY2d 888, 890 [1987]; *Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]; *Matter of Eveready Ins. Co. v Farrell*, 304 AD2d 830, 831 [2003]; *Matter of Eveready Ins. Co. v Ruiz*, 208 AD2d 923 [1994]), the plain meaning of the policy's language may not be disregarded in order to find an ambiguity where none exists (*see Bassuk Bros. v Utica First Ins. Co.*, 1 AD3d 470, 471 [2003]; *Garson Mgt. Co. v Travelers Indem. Co. of Ill.*, 300 AD2d 538, 539 [2002]; *Sampson v Johnston*, 272 AD2d 956 [2000]).

Here, the Supreme Court erred in denying the defendant's motion for summary judgment. The policy issued by the defendant covers damages for which an "insured" becomes liable as a result of an automobile accident. Although "any person using 'your covered auto' " is an "insured" within the meaning of the policy, the automobile at issue here was not "[the policyholder's] covered auto" since it was not owned by the policy holder and was not a "temporary substitute" auto within the meaning of the policy. Coverage for an automobile that does not qualify as a "covered auto" is provided only for the acts and omissions of the policy holder or a family member. It is undisputed that the

driver of the subject vehicle was neither, and since the defendant's covered insured, who was the policy holder, was not a defendant in the underlying personal injury actions, there is no basis for the plaintiff to contend that the liability arises from any act or omission on the policy holder's part.

Thus, the defendant met its initial burden of establishing its entitlement to judgment as a matter of law by demonstrating that the plain meaning of the exclusion relieved the defendant of liability in a case such as this, where a noninsured motorist was driving a vehicle that was not a "covered auto" within the terms of the policy. In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the defendant's motion for summary judgment should have been granted.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is not obligated to provide any coverage in the subject underlying personal injury actions (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Spolzino, J.P., Ritter, Miller and Dickerson, JJ., concur.