■ NIACC, LLC, et al., Respondents, v GREENWICH INSURANCE COMPANY, Appellant. [857 NYS2d 723]—

In an action to recover damages for breach of an insurance contract, the defendant appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered April 9, 2007, which denied its motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

The unambiguous terms of an insurance contract must be accorded their plain and ordinary meaning (*see Teichman v Community Hosp. of W. Suffolk*, 87 NY2d 514, 520 [1996]; *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]; *Toyota Motor Credit Corp. v Felton*, 305 AD2d 582, 583 [2003]). Any ambiguity, however, must be construed against the insurer as the drafter of the policy (*see Guardian Life Ins. Co. of Am. v Schaefer*, 70 NY2d 888, 890 [1987]; *Commercial Union Ins. Co. v Liberty Mut. Ins. Co.*, 36 AD3d 645 [2007]; *Matter of Eveready Ins. Co. v Farrell*, 304 AD2d 830, 831 [2003]). Whether or not a provision in an insurance policy is ambiguous is a question of law for the court to determine (*see General Elec. Capital Corp. v Volchyok*, 2 AD3d 777, 778 [2003]; *Atlantic Mut. Ins. Co. v Terk Tech. Corp.*, 309 AD2d 22, 28 [2003]). "The test for ambiguity is whether the language in the insurance contract is 'susceptible of two reasonable interpretations' " (*MDW Enters. v CNA Ins. Co.*, 4 AD3d 338, 340-341 [2004], quoting *State of New York v Home Indem. Co.*, 66 NY2d 669, 671 [1985]). The focus of the test is on "the reasonable expectations of the average insured upon reading the policy" (*Penna v Federal Ins. Co.*, 28 AD3d 731, 732 [2006], quoting *Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321, 326-327 [1996]; *see Butler v New York Cent. Mut. Fire Ins. Co.*, 274 AD2d 924, 925-926 [2000]).

The Supreme Court correctly determined that certain provisions in a commercial liability policy issued by the defendant to the plaintiffs which pertained to "Loss Conditions" were ambiguous and that, construed against the defendant, the provisions required the defendant to reimburse the plaintiffs for guard services retained to protect the subject property after a fire that was the covered cause of loss. Contrary to the defendant's contention, the record does not establish that, after the fire, the property was valueless as a matter of law and that there was, therefore, nothing on the site to protect from further

damage (*cf. Deni v General Acc. Ins. Co. of Am.*, 175 AD2d 605 [1991]). Accordingly, the Supreme Court did not err in denying the defendant's motion for summary judgment dismissing the complaint and in granting the plaintiffs' cross motion for summary judgment on the complaint. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.