Prime Prop. & Cas. Ins. Inc. v Imperio Transp. Corp (2022 NY Slip Op 07522)

Prime Prop. & Cas. Ins. Inc. v Imperio Transp. Corp

2022 NY Slip Op 07522

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Kern, J.P., Kennedy, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 30939/19E Appeal No. 16989 Case No. 2022-01133 

[*1]Prime Property & Casualty Insurance Inc., Plaintiff-Appellant,
v
Imperio Transport Corp, et al., Defendants-Respondents. Pedro Perez et al., Defendants.

Kennedys CMK LLP, New York (David M.Kupfer of counsel), for appellant.
Ross Katz & Pachnanda PLLC, New York (Alex K. Ross of counsel), for Imperio Transport Corp. and Oscar Rodriguez, respondents.
Mitchell Dranow, Sea Cliff, for Venus Frank, respondent.
The Turkewitz Law Firm, New York (Eric Turkewitz of counsel), for Wanda Stewart and Wallace Hunter, respondents.
Feldman & Feldman, LLP, Smithtown (John Reitano of counsel), for Progressive Corporation, respondent.

Order, Supreme Court, Bronx County (Eddie J. McShan, J.), entered January 21, 2022, which granted defendants Progressive Corporation, Imperio Transport Corp., Venus Frank, Wanda Stewart, Wallace Hunter, and Oscar Rodriguez's motions for summary judgment declaring that plaintiff must provide coverage to Imperio for the underlying accident and dismissing the complaint, unanimously affirmed, with costs.
Plaintiff Prime Property & Casualty Insurance Inc. commenced this action for a judgment declaring that the commercial auto insurance policy it issued to Imperio does not cover a collision that occurred while Imperio's truck was being driven by its employee, defendant Pedro Perez. Plaintiff does not dispute that it did not disclaim coverage "as soon as [was] reasonably possible" pursuant to Insurance Law § 3420(d)(2) but contends that the lack of declaimer does not preclude it from denying coverage when, as here, there is "a lack of coverage in the first instance" (Black Bull Contr., LLC v Indian Harbor Ins. Co., 135 AD3d 401, 403 [1st Dept 2016] [internal quotation marks omitted]).
Section II of the policy provides coverage when an accident results from use of a covered auto by an insured, defined to include "[a]nyone else while using with your permission," and thus extends coverage to the accident that occurred when Perez was using the truck with Imperio's permission. However, the policy Declarations page states that "[c]overage is provided only for scheduled autos and drivers," and indicates that there is one scheduled driver. The Scheduled Driver Endorsement states in bold that it "changes the terms and conditions of the Policy Issued. Please read it carefully" and then lists one scheduled driver, who was not Perez.
In light of the conflicting terms, the policy is ambiguous and susceptible of two reasonable interpretations as to whether Perez's permissive use of the vehicle was covered (see State v Home Indem. Co., 66 NY2d 669, 671 [1985]). Because the parties did not submit any extrinsic evidence to aid in resolving the ambiguity, the issue remains a question of law (see Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169, 172 [1973]), and "the ambiguity must be resolved against the insurer which drafted the contract" (Home Indem. Co. at 671). There is no clear language in the policy demonstrating that the declaration page was intended to modify, alter or substitute for the coverage provision in the policy, which extends coverage to permissive users (see Penna v Federal Ins. Co., 28 AD3d 731, 731-732 [2d Dept 2006]; cf. Richner Communications, Inc. v Tower Ins. Co. of N.Y., 72 AD3d 670, 671-672 [2d Dept 2010] [coverage not available under subject policy where an endorsement "expressly limited coverage to certain 'Designated Premises' shown in the 'Declarations' page of the policy"]). Accordingly, plaintiff must provide coverage to Imperio for the underlying accident.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE [*2]DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022