■ In the Matter of KSI ROCKVILLE, LLC, et al., Respondents, v WILLIAM EICHENGRUN, Appellant. [760 NYS2d 520] —In a proceeding, inter alia, pursuant to Limited Liability Company Law § 702 for the dissolution of KSI Rockville, LLC, which was consolidated with an action, inter alia, for an accounting, William Eichengrun appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Dutchess County (Dolan, J.), dated December 6, 2001, as, upon an order of the same court, dated October 26, 2001, granting the petitioners' motion to confirm a Referee's report (Ostertag, R.), made after a hearing, and denying his cross motion to disaffirm the Referee's report, adjudged that he has no interest in the assets of the subject limited liability company, or in any distribution thereof.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties were all of the members of KSI Rockville, LLC, a limited liability company (hereinafter the LLC), which owned and operated a building containing 47 cooperative units. The appellant William Eichengrun was the LLC's managing member. The nonmanaging members believed that Eichengrun was engaging in various improprieties. They commenced an action, inter alia, for an accounting and a separate proceeding pursuant to Limited Liability Company Law § 702 to dissolve the LLC and distribute its assets. The action and proceeding were consolidated.

A Referee was appointed to hear and report on all of the parties' claims and counterclaims. At the conclusion of the hearing, the Referee issued a report in which he found, among other things, that the LLC's operating agreement required the members' initial capital contributions to be made in the form of cash. Since Eichengrun allegedly contributed services, not cash, to the LLC, the Referee found that he had no proprietary or financial interest in it. The Supreme Court confirmed this finding, ordered the dissolution of the LLC, adjudged that Eichengrun had no interest in the assets of the LLC or in their distribution upon dissolution, and directed him to provide an accounting. This appeal ensued.

The referee's finding that Eichengrun made no capital contributions to the LLC is "substantially supported by the record" (*Matter of Rosen v Rosen,* 301 AD2d 532 [2003]). Eichengrun drafted the operating agreement. Any ambiguities in it, therefore, are to be construed against him (*see Guardian Life Ins. Co. of Am. v Schaefer,* 70 NY2d 888, 890 [1987]; *Sievert v Morlef Holding Co.,* 241 AD2d 445, 446 [1997]). In this case it is clear that there is an ambiguity in the operating agreement. In one provision it defines the term capital contribution as including services, but in the more precise provisions governing the initial capital contributions of the members, their capital accounts are to be credited only with money or the fair market value of any property contributed to the LLC. Since Eichengrun claimed that his initial capital contribution was fulfilled with his services as the managing member, the Referee had support in the record for his conclusion that Eichengrun had not made his initial capital contribution.

Article VII.5 of the operating agreement reinforces the conclusion of the Referee. It prescribes that the managing member "shall be entitled to compensation, in an amount to be determined from time to time by consent of all the members."

Eichengrun's argument assumes that he was to be compensated for his services to the LLC, and that $52,500 of that compensation would be credited to his initial capital contribution. However, the record is bereft of any evidence that the members consented to Eichengrun's compensation at any time or in any amount. Accordingly, he has no basis to claim that his initial capital contribution was satisfied by his services as the managing member. Therefore, the Supreme Court correctly affirmed the findings and conclusions of the Referee, "substantially supported by the record" (*Matter of Rosen v Rosen, supra,* at 532), and excluded Eichengrun from participating in the distribution of the assets of the LLC.

Eichengrun's remaining contentions are without merit. Florio, J.P., Feuerstein, Friedmann and Crane, JJ., concur.