■ Toni Wright, Respondent, v Evanston Insurance Company, Appellant, et al., Defendant. [788 NYS2d 416]—

In an action for a judgment declaring that the defendant Evanston Insurance Company is obligated to indemnify the defendant Freeport Hudson Anglers, Inc., in an underlying personal injury and wrongful death action entitled *Toni Wright, as Administratrix of the Estate of Robert A. Wright v Freeport Hudson Anglers, Inc.*, pending in the Supreme Court, Nassau County, under index No. 014164/02, the defendant Evanston Insurance Company appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated September 12, 2003, which denied its motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The documentary evidence submitted in support of the motion of the defendant Evanston Insurance Company (hereinafter Evanston) to dismiss the complaint failed to resolve all factual issues and conclusively dispose of the plaintiff's claims as a matter of law. Accordingly, the Supreme Court correctly denied that branch of its motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Klein v Gutman*, 12 AD3d 348 [2004]).

The documentary evidence submitted by Evanston failed to establish by "clear and unmistakable language" capable of "no

other reasonable interpretation" that an exclusion applies to negate coverage for the underlying incident (*Continental Cas. Co. v Rapid-Am. Corp.*, 80 NY2d 640, 652 [1993]; *see Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383 [2003]). The ambiguous and conflicting provisions of the policy presented to the Supreme Court for review must be construed against the insurer (*see Guardian Life Ins. Co. of Am. v Schaefer*, 70 NY2d 888, 890 [1987]; *Matter of KSI Rockville v Eichengrun*, 305 AD2d 681, 682 [2003]). Moreover, in light of the additional premium paid by the insured, the interpretation advanced by Evanston would render the coverage illusory, a result which the public policy of this state cannot abide (*see Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.*, 34 NY2d 356, 362 [1974]; *Matter of Nationwide Mut. Ins. Co. v Davis*, 195 AD2d 561, 562 [1993]).

Evanston's remaining contentions are without merit. H. Miller, J.P., Crane, Spolzino and Skelos, JJ., concur.