■ Sirius America Insurance Company, Respondent, v Joline Estates, LLC, Respondent, et al., Defendants, and Underwriters at Lloyds, et al., Appellants. [866 NYS2d 739]—

In an action, inter alia, for a judgment declaring that the plaintiff, Sirius America Insurance Company, is not obligated to defend and indemnify the defendant Joline Estates, LLC, in an underlying action entitled *Campoverde v Joline Estates, LLC,* pending in the Supreme Court, Richmond County, under index No. 102442/06, the defendants Underwriters at Lloyds and Harbin Adjustment Company, Inc., appeal from an order of the Supreme Court, Nassau County (Parga, J.), dated December 10, 2007, which, among other things, denied those branches of their motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint and cross claims insofar as asserted against them or pursuant to CPLR 3211 (c) to treat the motion as one for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs to the respondent.

The documentary evidence submitted by the defendants

Underwriters at Lloyds (hereinafter Underwriters) and Harbin Adjustment Company, Inc. (hereinafter Harbin) (together Lloyds), failed to establish that the defendant Premiere Builders Corp. (hereinafter Premiere) had made a material misrepresentation in its August 2004 insurance application that rendered proper Lloyds's January 2007 rescission of the subject policy (*see Wright v Evanston Ins. Co.,* 14 AD3d 505 [2005]; *McCormack v Port Washington Union Free School Dist.,* 225 AD2d 531, 532 [1996]). Further, viewing the complaint and cross claims in the light most favorable to the plaintiff and the defendant Joline Estates, LLC, the cross claimant, respectively (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]), the complaint and cross claims adequately state a cause of action (*see Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Law Research Serv. v Honeywell, Inc.,* 31 AD2d 900, 901 [1969]).

To the extent that Lloyds raises issues regarding that branch of their motion which was to dismiss the complaint and cross claims insofar as asserted against them on the ground of forum non conveniens, such issues are not properly before this Court, as that branch of the motion remained pending and was not decided in the order appealed from (*see Katz v Katz,* 68 AD2d 536, 542-543 [1979]), and was subsequently determined in an order dated May 1, 2008, from which no appeal has been taken.

Lloyds's remaining contentions are without merit. Mastro, J.P., Florio, Dickerson and Belen, JJ., concur.