■ CARMEN HAMMONS, Appellant, v 321 CLINTON AVE. HOUS-
ING CORP., Respondent. GREGORY LASPINA et al., Nonparty
Respondents. [18 NYS3d 355]—In an action, inter alia, to recover
damages for personal injuries, Carmen Hammons appeals, as
limited by her brief, from so much of an order of the Supreme
Court, Kings County (Saitta, J.), dated June 19, 2014, as
granted the motion of nonparty Donald McKenzie to amend
the caption of the action by adding her as a party defendant
and to allow the guardian ad litem to retain counsel for himself
as well as for the infant plaintiff.

Ordered that the appeal from so much of the order as granted
that branch of the motion of the nonparty Donald McKenzie
which was to allow the guardian ad litem to retain counsel for
himself as well as for the infant plaintiff is dismissed, as the
appellant is not aggrieved thereby; and it is further,

Ordered that the order is affirmed insofar as reviewed; and
it is further,

Ordered that one bill of costs is awarded to the defendant-
respondent and the nonparty respondent Gregory Laspina.

Contrary to the appellant's contentions, the order appealed
from neither disqualified her from acting as the representative
of the infant plaintiff in this action, nor appointed a guardian
ad litem for the infant plaintiff. Those determinations were
made by the same court in prior orders dated May 16, 2013,
and June 26, 2013, respectively, from which no appeal has
been taken. Accordingly, the appellant's contentions challeng-
ing those determinations are not properly before us and we
decline to review them (*see Sirius Am. Ins. Co. v Joline Estates,
LLC*, 55 AD3d 899, 900 [2008]).

As the appellant had already been disqualified and the infant
plaintiff was represented by a guardian ad litem when the
order appealed from was entered, the appellant is not aggrieved
by so much of the order appealed from as granted that branch
of the motion of the nonparty Donald McKenzie which was to
allow the guardian ad litem to retain legal counsel for himself
as well as for the infant plaintiff. Therefore, the appeal from
that portion of the order must be dismissed (*see* CPLR 5511).

The appellant's remaining contentions are without merit.
Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.